STEPHEN DEMATO, PLAINTIFF IN ERROR, v. HUDSON
COUNTY GAS COMPANY, DEFENDANT IN ERROR.

Argued March 6, 1907—Decided June 17, 1907.

The plaintiff was employed to strike a steel chisel with a hammer, and
was injured by a piece of steel struck off in the process of ham-
mering.  The defect alleged was the deterioration of the chisel,
due to the constant use.  *Held,* that the duty of inspection and
repair was incidental to the duty to use, and the negligence was
that of the plaintiff's fellow-servants, and not of the master.

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *William D. Edwards.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff, a laborer in the employ of the defendant, was injured in the eye while striking a chisel with a hammer. He had just begun this work. The accident happened on Saturday. On Monday he was operated on, and he says a piece of steel was taken out of his eye. He never saw it, and did not know whether it was steel. The surgeon who performed the operation was not a witness. The claim of the plaintiff is that the head of the chisel was defective because it was scaly and battered by the continual beating of a hammer. The chisel was not produced, but was said to resemble one which was shown to the plaintiff on the trial.

The evidence is hardly sufficient to show that the plaintiff's injury was due to a piece of steel from the chisel, but we assume in his favor that there was enough proof of the fact to carry the case to the jury. There was, however, no evidence of negligence on the part of the defendant. The plaintiff's own expert witness testifies that the alleged bad condition of the chisel was not due to defect in the steel, but was necessary to the use of the implement; that there is a point when the defect should be discovered; that the men who had the best knowledge of that are the men who are using it; that it should be sent to the blacksmith to be dressed up; that chisels are constantly sent for that purpose when it is necessary. There is no evidence that the chisel, when furnished to the men by the defendant, was in improper condition.

It hardly needed the evidence of an expert to prove that the head of a chisel, which is constantly struck with a hammer, will in time deteriorate. Deterioration is the necessary result of the use for which it was intended. The duty of inspection and repair in such a case is incidental to the duty of the employes to use the tool in their common employment, and the master is not responsible to an employe for the failure of his fellow-servants to perform that duty. *Steamship Company* v. *Ingebregsten,* 28 *Vroom* 400. A recent case in this court illustrates the distinction between the failure of the master to furnish a proper tool and the failure of his servants to inspect and repair when the tool necessarily deteriorates by

the very use. *Campbell* v. *Gillespie Company,* 40 *Id.* 279. We there said: "Drift pins are obviously subject to deterioration in their use, and thereby to become to some extent dangerous, and if the pin used in this case was, when furnished to William Campbell, reasonably safe for the work of riveting, the duty of inspection fell upon him to see whether it became imperfect during his use of it, and for his neglect to make such inspection the master will not be liable."

The trial judge rightly ordered a nonsuit, and the judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VROOM, GREEN, DILL, J.J. 13.

*For reversal*—None.