HUGH MEEHAN, PLAINTIFF IN ERROR, v. BOARD OF EXCISE COMMISSIONERS OF JERSEY CITY ET AL., DEFENDANTS IN ERROR.

Argued June 26, 1907—Decided March 2, 1908.

1. Section 4 of the act of April 13th, 1906, commonly known as the "Bishops' Law" (*Pamph. L.* 1906, *p.* 199), does not contravene the fourteenth amendment of the federal constitution.
2. Section 4 of the act of April 13th, 1906, commonly known as the "Bishops' Law" (*Pamph. L.* 1906, *p.* 199), is not in contravention of article 4, section 7, placitum 11, of the constitution of this state, which prohibits the legislature from passing private, local or special laws regulating the internal affairs of municipalities, or granting exclusive privileges, immunities or franchises.

3. Section 4 of the act of April 13th, 1906, commonly known as the "Bishops' Law" (*Pamph. L.* 1906, *p.* 199), subjects "inns and taverns" (as well as "hotels"), to the restrictions mentioned in the section, unless such inns and taverns have at least ten spare rooms and beds for the accommodation of boarders, transients and travelers.

4. Notwithstanding the unconstitutionality of section 5 of the act of April 13th, 1906, commonly known as the "Bishops' Law" (*Pamph. L.* 1906, *p.* 199), as heretofore declared by this court in *Decker* v. *Daudt*, 45 *Vroom* 793, the remainder of the act is not thereby overthrown.

On error to the Supreme Court, whose opinion is reported in 44 *Vroom* 382.

For the plaintiff in error, *Richard V. Lindabury.*

For the defendants in error, *George L. Record* and *Peter Backes.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. The question at issue is the constitutionality of section 4 of the act commonly known as the "Bishops' Law," approved April 13th, 1906 (*Pamph. L., p.* 199), being a supplement to the act to regulate the sale of spirituous, vinous, malt and brewed liquors. The question was raised by a *certiorari* sued out of the Supreme Court to review a resolution adopted by the excise commissioners of Jersey City in pursuance of the section referred to. The resolution requires that "the interior of the bar or business room in which liquors and other intoxicating drinks are sold and served under any license granted by this board shall, during such times as such sales are prohibited by law, be open to full view from the public street; *provided, however,* this rule shall have no application to such places as are exempt from its operation under the provisions of said law."

The Supreme Court sustained the constitutionality of the legislation and the validity of the resolution in an opinion by Mr. Justice Fort, with whose conclusions we agree.

In that court the attack upon the law seems to have been

based principally upon the provisions of the fourteenth amendment of the federal constitution.

In this court the point is raised that section 4 of the act conflicts with that provision of the constitution of this state which prohibits the legislature from passing private, local or special laws regulating the internal affairs of municipalities. *New Jersey Constitution,* art. 4, § 7, *pl.* 11. It is insisted that the law is special because its classification is arbitrary and illusory.

Even if it were special for this reason, it does not follow that the section conflicts with the constitutional provision thus invoked, for, as far as we can perceive, it does not in anywise regulate the internal affairs of municipalities. We are referred to *Paul* v. *Gloucester County,* 21 *Vroom* 585, and *Berry* v. *Cramer,* 29 *Id.* 278, as settling the question that the section under consideration constitutes an attempt to regulate the internal affairs of municipalities, but the act that was in question in Paul *v.* Gloucester County (which is found in *Pamph. L.* 1888, *p.* 142) classified the municipalities of the state according to their population for the purpose of establishing the minimum license fee to be paid upon liquor licenses in the several municipalities. It was this provision concerning which Mr. Justice Van Syckel said (21 *Vroom* 592) : "It is conceded that the section is a regulation of the internal affairs of towns and cities, and the diversity created by it is fatal to its validity unless the basis of the classification is a substantial one." It will be observed that the section referred to affected the municipal revenues, and therefore, under the principle laid down by this court in the case of *Freeholders of Passaic* v. *Stevenson,* 17 *Id.* 173, amounted to a regulation of "internal affairs."

The act that was under consideration in *Berry* v. *Cramer, supra* (being that found in *Pamph. L.* 1889, *p.* 77), likewise fixed a minimum license fee in respect of population, and also, by its fourth section, conferred upon the municipalities the local option of fixing a minimum license fee, to be named in the petition for the election, but provided that such elections could only be held where licenses were required to be

granted by the Court of Common Pleas. Manifestly this was a regulation of the internal affairs of the municipalities.

The section now before us has no such feature. It applies uniformly throughout the state, and does not regulate the internal affairs of any municipality, for the "internal affairs" which by the constitution must be regulated under general laws are those which are governmentally, and not merely territorially, internal to the municipalities.

Nor is there in section 4 of the Bishops' law any discrimination between municipalities considered as territories. The only discrimination is between liquor dealers.

It is, however, further insisted that the section is invalid because it is a special law granting exclusive privileges or franchises, contrary to the provision of our constitution in that behalf. *New Jersey Constitution, supra.* Upon this point *Alexander* v. *City of Elizabeth*, 27 *Vroom* 71, is cited. In that case it was held by the Supreme Court that the statutory prohibition against the using of any race course that was not in use prior to January 1st, 1893, without obtaining a resolution, adopted by three-fourths of the members of the board of freeholders, declaring the maintenance of such a race course to be a public necessity, was a grant of an exclusive privilege to race courses used before the date specified to obtain a license without complying with the condition; that the condition was imposed without rational ground of discrimination as between old race courses and new, and that therefore the act was a special law granting to a corporation, association or individual an exclusive privilege, immunity or franchise. Without passing upon the propriety of that decision, we think it sufficient to say that it is not in point with the case now presented. In section 4 of the Bishops' law there is no discrimination between places previously licensed and other places, nor between persons previously engaged in the liquor business and others. By our laws all persons are prohibited from retailing intoxicating liquors without license, and this section imposes regulations equally applicable to all, whenever licensed, provided they engage in a certain line of

business.   There is here no exclusive privilege, immunity or franchise.

The section is an exercise of the police power of the state, and unless it be clearly arbitrary or violative of the natural or property rights of the citizen it cannot be pronounced unconstitutional because of its discriminations.

It divides liquor dealers into two classes.   The first class includes (1) keepers of inns, taverns and hotels having at least ten spare rooms and beds for the accommodation of boarders, transients and travelers; (2) restaurant keepers who conduct business on more than one story; (3) keepers of picnic or recreation grounds; (4) keepers of bowling-alley buildings; (5) regularly organized clubs or associations.

In the second class are embraced all other liquor dealers selling liquor by license in smaller quantities than a quart. Manifestly this class comprises those who are commonly called "saloon keepers" and the keepers of small hotels and taverns, whose chief business is the sale of intoxicating drinks.

The regulations which apply to the second class, and not to the first, are the following:   (a) No license shall be granted to sell liquors in any place excepting in a bar or business-room upon the ground floor or basement of a building on a public street; (b) no liquor shall be sold or served in any room except in such bar or business-room; (c) the clear interior view of the whole of said room (excepting for toilet purposes) shall be in no way obstructed by a screen, non-transparent glass, shade, blind, door, shutter or merchandise, or any other article, placed in any of said rooms; (d) the court, excise board or other licensing body shall, upon the days and times when the sale of liquors is by law prohibited, and may at any and all other times, require that the interior view of the bar or business-room shall be open to full view from the public street.   There is also a penal clause providing that for a violation of any of these provisions the license may be forfeited and the party offending be deemed guilty of keeping a disorderly house.

The limitation of the sales to a single room and the requirement of a clear interior view of such room are mani-

festly intended to prevent secrecy in the conduct of the business and to render the bar-room easy of inspection by the police. The provision that the bar must be upon the ground floor or basement, and the provision requiring an open view from the street at times when the sale of liquors is prohibited by law, and at other times in the discretion of the court, excise board or other body charged with the granting of licenses, are likewise contrived with a view of rendering police inspection easy and efficacious.

Police regulations of this character must, in the absence of clear evidence to the contrary, be deemed to be based upon facts within the possession of the legislature rendering such legislation proper, if not necessary. See *Hopper* v. *Slack,* 40 *Vroom* 562.

The exemption of the larger taverns and hotels, of restaurants occupying more than a single story, of recreation grounds, of bowling-alley buildings, and of clubhouses, from the like restrictions is explainable on the ground that the legislature presumably deemed the restrictions to be either impracticable or unnecessary as to these establishments.

It will be observed that in the clause of section 4 which points out those drinking places to which the restrictions are to apply the words "if not in an inn or tavern, or a hotel having at least ten spare rooms and beds for the accommodation of boarders," &c., are construed by us as placing "inns and taverns" and "hotels" in the same category, so that the qualification "ten spare rooms and beds" pertains to inns and taverns, as well as to hotels. In doing this we require the punctuation and the use of the disjunctive "or" (which of themselves alone would indicate that a distinction was intended to be made) to yield to the presumption that the legislature intended to enact a practical and constitutional law. We are not reminded of any legal distinction between an "inn or tavern" and a "hotel," and if there be such, we are unable to perceive that there is any practical difference between them such as would render the regulations imposed by section 4 necessary and appropriate in the case of small "hotels" and not in the case of small "inns and taverns." We therefore

construe the section as meaning that all inns, taverns and hotels, unless they have at least ten spare rooms and beds for the accommodation of boarders, transients and travelers, are subject to the restrictions.

Upon careful consideration, we are unable to say that the discriminations established by section 4 of the act between the two classes of liquor dealers therein defined are either arbitrary or unreasonable, nor that they unduly interfere with the rights of citizens.

The attack upon section 4 for unconstitutionality must therefore fail.

After the decision of the present case by the Supreme Court the same court held, in *Decker* v. *Daudt,* 45 *Vroom* 162, that the fifth section of the Bishops' law, which relates merely to the appointment of excise commissioners, is unconstitutional because special and regulative of the internal affairs of municipalities, and that decision has been affirmed by this court in 45 *Vroom* 793. We deem it clear, however, that the invalidity of that section does not overthrow the remainder of the act. The previous sections, including that under which the resolution now under review was passed, have a broad scope, and apply generally throughout the state. The fifth section is special in that it applies only where excise commissioners were by law appointed by the mayor or governing body of the municipality. The legislature cannot be deemed to have intended that this section, so narrow in its purpose and so local in its application, should be essential to the validity of the previous sections, which are wider in purpose and universal in application.

The judgment under review should be affirmed.

*For affirmance*—PITNEY, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   10.

*For reversal*—None.