STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH PINTO, PLAINTIFF IN ERROR.

Argued October 6, 1942—Decided December 8, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the defendant in error, *John H. Beekman, Jr.,* Prosecutor of the Pleas, and *Joseph Halpern,* Assistant Prosecutor of the Pleas.

For the plaintiff in error, *Frederick A. Pope.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff in error, Joseph Pinto, a liquor licensee, was convicted upon an indictment containing three counts charging that (1) he knowingly and unlawfully sold alcoholic beverages from his auto-truck; (2) he knowingly and unlawfully sold alcoholic beverages from the truck by his agent and servant; (3) he aided and abetted such sale, all of which, it is alleged, is in violation of the provisions of our statute, *N. J. S. A.* 33 :1-2 and 33 :1-50. Before sentence, on defendant's motion, an arrest of judgment was allowed with regard to the first and third counts. Sentence was imposed for the conviction on the second count from which judgment this appeal is taken.

Plaintiff in error possessed "a plenary retail distribution license" (*N. J. S. A.* 33:1-12.3a) under which it was lawful for him to sell alcoholic beverages for consumption off the licensed premises but only in original containers. The substance of the offense charged in the indictment seems to be in part a violation of the license privilege described in the statute last cited and in part a violation of the statute mentioned in the indictment itself which makes it unlawful "to sell * * * or distribute alcoholic beverages in this State except pursuant to and within the terms of a license, * * *." The proofs seem to have transcended the limits of the statute mentioned in the indictment. But there was no timely challenge on that ground. The offense was the sale of the alcoholic beverage from the truck, a transaction not permitted by the license held by Pinto. The proof was that one Annello, an employee of the plaintiff in error, sold a gallon jug of wine from Pinto's truck, then being used for making deliveries, to one John Anderson, an investigator of the Alcoholic Beverage Commission. The sale was made in the absence of Pinto who had left the truck to make a delivery to a customer along the route. Anderson, accompanied by another investigator, George Hill, testified that he purchased the wine from the employee, Annello, for the sum of $1. When Pinto returned to the truck Annello handed him the money which had been received from Anderson. Neither Anderson nor Hill was able to hear what Annello said to Pinto when this was done or what Pinto said in reply, if anything. Anderson forthwith put Pinto under arrest. At this juncture, according to Anderson's testimony, Pinto said, "I did not know I was breaking the law by selling from the truck;" further, that "he [Pinto] had been informed that he could sell from the truck by someone in our [Alcohol Beverage Commission's] office" and, again quoting Pinto, "I would have sold it to you if I had been here." This testimony was corroborated by Hill. Annello, called as a witness for the state, admitted making the sale. This, in brief, was the testimony in support of the indictment.

A motion was made by the defendant at the end of the state's case for a direction of verdict which the trial judge

rejected. This is assigned for error. The argument advanced to the learned trial judge and repeated here is that there was no proof of authority from Pinto, the principal, to Annello, the employee, to make the sale and that even knowledge was not imputable to Pinto, under the evidence, until after the fact. In our opinion, the point has merit. The doctrine of the civil law by which a principal is bound by the acts of his agent, done within the scope of the agent's authority, is not applicable to the criminal law except under circumstances not here present. In this case there was no proof that the employee's unlawful act was authorized or directed by the employer even though it was performed within the scope of the employment. We are not to be understood as holding that the commission of a crime is so personal to the individual that a principal could not be convicted for the act of his agent under any circumstances; but if the principal is to be so charged it seems to us to be an essential ingredient of the proof to support such charge that the principal aided, encouraged or connived at the perpetration of the crime done by the agent, or that the illicit act was habitually done in the usual course of the business. (Compare *State* v. *Pennsylvania Railroad,* 84 *N. J. L.* 550, 554.) We are also mindful that under the sections of the statute, *supra,* said to have been violated by the plaintiff in error, motive or intent on the part of the actor need not be proved. The unlawful act alone constitutes the misdemeanor; but nonetheless the unlawful act must be brought home to the defendant and, in this case, we are unable to perceive that this was done.

A careful reading of the testimony in support of the second count of the indictment reveals that Annello worked for Pinto; that he had no permit to sell liquor; that he had a permit to work in the store and make deliveries. This evidence was received without objection although the working permit held by Annello was not produced. He said further that he had worked for Pinto on one day each week, Saturday, for a period of five months but that on July 12th, 1941, the date on which, as the indictment charges the offense was committed, Pinto took him on as a steady employee.

The state argues that from the testimony of Anderson and Hill concerning what Pinto said at the time of the arrest, it was legitimate to infer that the sale had been authorized by the defendant. We think it is insufficient to support a conclusion of authorization to sell or connivance at sale. Nor is there any testimony in the record to justify the conclusion that the defendant consented to or aided his employee in making the unlawful sale. The fact that he received the money paid for the wine without comment is not clear and convincing proof of prior authorization or connivance; nor is this single instance of the illicit sale proof that such unlawful sales were made as a general thing in the course of business. The remaining statements attributed to Pinto by the state's witnesses are as consistent with lack of authority from him or connivance by him as they are with the contrary. Penal statutes and regulations must be strictly construed. Such construction leads us to conclude that the motion to direct a verdict of acquittal should have been granted. *Cf. State* v. *Waxman,* 93 *N. J. L.* 27.

The judgment is reversed.