CEDAR RESTAURANT & CAFE CO., TRADING AS WEST END CASINO, PROSECUTOR, v. ERWIN B. HOCK, DEPUTY COMMISSIONER OF THE STATE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENT.

Argued October 1, 1946—Decided January 29, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutor, *Kasen, Schnitzer & Kasen* (*Daniel G. Kasen*, of counsel).

For the respondent, *Walter D. Van Riper*, Attorney-General of New Jersey (*Samuel B. Helfand*, Deputy Attorney-General, of counsel).

The opinion of the court was delivered by

COLIE, J.   Prosecutor holds a seasonal retail consumption license for a part of premises known as the West End Casino in Long Branch, New Jersey.   On July 18th, 1946, an agent of the Alcoholic Beverage Commission, hereinafter referred to as the Commission, while making a routine inspection of the licensed premises, tested all the open bottles in both of the bars on the licensed premises.   The fifty-four bottles from the main bar were found satisfactory.   Eight of the twenty-three bottles from a small bar known as the Yacht Bar were "off-proof."   Analysis by the Commission's chemist showed that seven of the seized bottles were subsantially diluted with water or other non-alcoholic beverage.   Prosecutor does not dispute that its employee, the bartender of the Yacht Bar, had diluted and misappropriated the contents of the seized bottles to his own use.   The Commission charged that prosecutor "possessed illicit alcoholic beverages at your licensed premises, * * * all of which bottles contained alcoholic beverages not genuine as labeled; such possession being in violation of *R. S.* 33:1–50."   After a hearing held on the authority of *R. S.* 33:1–31 the prosecutor was found guilty as charged and its license suspended for thirty days.

Prosecutor was allowed a writ of *certiorari* to review the ruling of the Commission and sets forth four reasons for reversal as follows:

"1. The Supreme Court held in *State* v. *Pinto*, 129 *N. J. L.* 255 (1942), that *R. S.* 33:1–50, which prosecutor was charged with violating, does not apply where the principal did not aid, encourage or connive at the perpetration of the violation

committed by its employee. The department wholly failed to prove that prosecutor aided, encouraged or connived in the action of the bartender and prosecutor affirmatively established the contrary.

"2. The offense charged against the prosecutor was possession of illicit alcoholic beverages. The testimony conclusively shows that the alcoholic beverages which the department considers illicit were not in the possession of the prosecutor.

"3. The offense charged against the prosecutor was possession of illicit alcoholic beverages. The department wholly failed to prove that the beverages which were the subject-matter of the charge were illicit.

"4. The penalty ordered by defendant is grossly excessive and disproportionate to the offense charged against the licensee, under the circumstances of the instant case, conflicts with defendant's established practice in such matters and amounts to an abuse of discretion."

We fail to perceive the force of the argument based upon *State* v. *Pinto, supra*. Pinto was indicted on three counts: one, that he knowingly and unlawfully sold alcoholic beverages from his auto-truck; two, he knowingly and unlawfully sold alcoholic beverages from the truck by his agent and servant; three, he aided and abetted such sale. In reversing the judgment of conviction, the Supreme Court said that there was no proof that the employee's unlawful act was authorized or directed by the employer or that the defendant consented to or aided his employee in making the unlawful sale. There being no evidence of either knowledge or aiding and abetting, the conviction was properly reversed. The Pinto case is clearly distinguishable upon another ground. It was based upon an unlawful sale by an agent and it was necessary to bring home knowledge to the principal. In the instant case, the charge is possession and the prosecutor does not dispute possession of the bottles but merely contends that it was unaware that the contents had been diluted. Knowledge that the beverages were illicit is not essential to guilt. *State* v. *Solomon*, 96 *N. J. L.* 124; reversed on other grounds, 97 *Id.* 252. In *Halsled* v. *State*, 41 *Id.* 552 (at *p.* 592), the Court of Errors and Appeals said: "As there is an undoubted

competency in the law maker to declare an act criminal, irrespective of the knowledge or motive of the doer of such act, there can be, of necessity, no judicial authority having the power to require, in the enforcement of the law, such knowledge or motive to be shown. In such instances the entire function of the court is to find out the intention of the legislature, and to enforce the law in absolute conformity to such intention." We find nothing within the Alcoholic Beverage Control Act, *R. S.* 33:1–1, *et seq.*, to indicate an intent that the holder of a retail consumption license must have knowledge that he possesses illicit beverages in order to make him amenable to disciplinary action. Our courts have consistently held that such knowledge is not an essential ingredient to conviction for possession under statutes similar to the one under consideration. *State* v. *Solomon, supra* (spurious liquor); *Waterbury* v. *Newton*, 50 *Id.* 534 (illegally colored oleomargarine); *Board of Health* v. *Vandruens*, 77 *Id.* 443 (possession of impure food).

There is no merit in the second reason advanced for reversal that the beverages were not in possession of the prosecutor. The manager of the licensee testified that each of the seized bottles bore an identification mark placed thereon "to preclude a bartender from bringing in his own liquor and selling it at our expense." Furthermore, the presence of the bottles on the premises of the licensee raised a rebuttable presumption of possession which prosecutor did not attempt to overcome.

As to the alleged failure to prove that the beverages were illicit, we see no distinction in principle between the instant case and *Panda* v. *Driscoll*, 135 *N. J. L.* 164, dispositive of prosecutor's argument.

We find no abuse of discretion by the Commission in suspending prosecutor's license for thirty days.

The writ of *certiorari* is dismissed, with costs.