Appeal is taken to set aside an order of suspension for 20 days of appellant's wholesale liquor license, on eight charges involving violations of rules and regulations of the Department of Alcoholic Beverage Control. At the time fixed for hearing by the respondent, appellant withdrew its plea of not guilty and entered a plea of non vult to all the charges.
The only question for determination is as to whether the order of suspension is harsh, oppressive and unjust and should be set aside as an abuse of discretion of respondent.
Under date of August 16, 1948, appellant was charged with violations of various rules and regulations of the Department involved, which the Commissioner has summarized as follows:
"1. That it delivered alcoholic beverages to a retailer without accompanying invoice of sale, in violation of Rule 6 of State Regulations No. 39.
"2. That it transported alcoholic beverages in an automobile having no transportation insignia affixed thereto, in violation of Rule 2 of State Regulations No. 17.
"3. That it failed to affix to the exterior of a vehicle the transportation insignia which had been issued therefor, in violation of Rule 11 of State Regulations No. 17.
"4, 6, 7. That it delivered to several retailers alcoholic beverages without their itemization on orders signed by said retailers, in violation of Rule 4 of State Regulations No. 34. *Page 129 
"5. That it delivered alcoholic beverages to a retailer then listed in default and accepted in payment therefor ordinary checks of third persons, in violation of Rule 4 (a) of State Regulations No. 39.
"8. That it failed to notify the State Commissioner of Alcoholic Beverage Control of a default by a retail licensee, in violation of Rule 5 (b) of State Regulations No. 39."
As to the first three charges there is no denial that, on July 22, 1948, an automobile, which had been rented by appellant, was being used to transport two cases of whiskey for which there was no invoice to sustain the claim of the driver employee of appellant that it was to be delivered to a retail licensee, and that it had no transportation insignia, although one had been issued for the vehicle. All of which acts were in violation of the cited rules of the department.
As to charges 4, 6 and 7, it was not denied that various shipments of alcoholics were delivered to several retail licensees, without signed orders therefor, and without being ordered by telephone, in violation of the cited rule of the department.
Charge No. 5 had to do with the acceptance by appellant of checks drawn by third parties in payment for deliveries to a retail licensee then listed on the Default List of the department. The Commissioner was impelled, because of possible misinterpretation of the rule involved, to dismiss this charge.
Charge No. 8 alleges that appellant failed to file required notice of default with the Commissioner within three days after a retail licensee became in default to appellant. It appears that the default arose by reason of appellant's failure to promptly deposit a check received by it from the retail licensee. But, its failure to give the notice required was in violation of the rules.
The Commissioner, in his conclusions, said:
"The various matters involved in these charges, taken together, go to the very heart of liquor control. Violations of this character may well form the foundation of far more serious infractions of the law since violations such as these could conceivably be part of a scheme to offer and distribute `free goods' to retailers in violation *Page 130 
of State regulations. However, the instant case must be decided upon the charges preferred and admitted by defendant's plea."
He, thereupon, on November 19, 1948, ordered that appellant's plenary wholesale license be suspended for a period of 20 days, commencing at 12:01 A.M. November 24, 1948, and terminating at 12:01 A.M. Tuesday, December 14, 1948.
Appeal was taken from this order. Upon application to this court an order was granted for a stay of proceedings and to supplement the record by the taking of testimony and to submit other material facts. This has been submitted to this court.
The record submitted supports the withdrawal of the plea of not guilty. As to the first three charges it is clear that an insignia for the automobile in question was issued, but was never affixed. It was testified that the salesman in charge thereof "had the insignia in the glove compartment of his car and had not affixed it." As to the failure to have an invoice for the two cases of liquor in his car, it was said that the shipping clerk put the packages in his car and he, the salesman, drove away without picking up the invoice.
As to the three charges that orders for alcoholic beverages were not signed by the retail licensee or his agent, the proofs are clearly in support thereof. As to one instance, it was testified the salesman signed it on the authorization of the retailer. In another instance, the proof was that the salesman's wife signed the name of the retail purchaser to the order, after the salesman got home and "wrote this order up," because the retailer was very busy. The other charge was not satisfactorily explained as being a telephone order, in light of the plea entered thereto.
Charge 8 was not denied, and the only explanation was that appellant's credit manager was waiting for some instructions with respect thereto.
As stated, charge No. 5 was dismissed by the Commissioner.
Admittedly, rules and regulations of the department, which must have been known by appellant, were violated. Obviously, the appellant by the supplement to the record *Page 131 
sought to establish that the violations were not of importance, but that, as stated in its brief, "its plea of non vult which was an admission that there had been at least a technical violation of the rules and regulations," did not warrant disciplinary action. Our courts have held that the duty to obey the law, and rules and regulations is imposed upon the licensee and may not be evaded by a claim that any such act was not known to the licensee or authority in charge. Cedar Restaurant v.Hock, 135 N.J.L. 156, 157 (Sup. Ct. 1947). In Kravis v.Hock, 135 N.J.L. 259 (Sup. Ct. 1947), it was said "The whole machinery of the Alcoholic Beverage Control statute is designed to control and keep within limits a traffic which, unless tightly restrained, tends toward abuse and debasement."
R.S. 33:1-31 provides:
"Any license * * * may be suspended or revoked by the commissioner * * * for any of the following causes:
"g. Any violation of rules and regulations."
We conclude from a careful consideration of the record, and the possible injury to the public by disregard of the rules and regulations designed to control licensees, that there was no abuse of discretion by the Commissioner in suspending appellant's license for twenty days. The charges covered more than one offense, over a period of more than 30 days, indicating either intentional violation of the requirements, or such disregard of the obligations imposed upon a licensee as to warrant suspension or revocation of its license in the judgment of the Commissioner.
The determination and action of the State Commissioner of the Department of Alcoholic Beverage Control is affirmed. *Page 132