[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 285 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 286 
Plaintiff filed a complaint for recovery of overtime wages under the Fair Labor Standards Act (29 U.S.C.A., §§ 201 etseq.); on the trial date and prior to the introduction of any testimony, the defendant moved for dismissal asserting (1) that the plaintiff had not sufficiently answered the defendants' demand for particulars, (2) that he was an executive, exempt from the act under section 13 (a) (1) (29 U.S.C.A., § 213), (3) that he was also exempt under section 13(b) (1) as an employee with respect to whom the Interstate Commerce Commission had power to establish maximum hours of service under the Motor Carrier Act, and (4) that recovery was barred under the terms of section 9 of the Portal-to-Portal Act of 1947 (29 U.S.C.A., § 258); the trial court dismissed the plaintiff's action on the first and *Page 287 
second grounds; and this appeal is from the judgment of dismissal.
Plaintiff's complaint, filed in 1946, alleged that defendants were engaged in the business of transporting passengers and goods in interstate commerce and that he had been employed by them as a bus dispatcher. It further alleged that he had engaged in overtime work for which he had not been paid in accordance with the terms of the Fair Labor Standards Act and claimed damages aggregating in excess of $15,000. The defendants filed a demand for particulars seeking, among other matters, a description of the plaintiff's duties and a statement of the specific dates and hours of the alleged overtime work. A bill of particulars was furnished which set forth his hours of work, weekdays, Saturdays and Sundays, and that his duties consisted of checking buses and drivers, ordering additional equipment, performing general supervisory work, attending to passengers' complaints and attending at the bus inspection pit. The defendants then moved for further particulars and a supplemental bill was furnished setting forth that the plaintiff worked overtime "every Saturday and Sunday, every evening before a holiday and on the holiday itself" and listing the aggregate number of overtime hours per week which he allegedly worked between 1939 and 1944.
The defendants then moved for a nonsuit on the ground that their demand for particulars had not been adequately answered. By order dated December 19, 1946, the lower court denied the motion for nonsuit, directed that the plaintiff be confined at the trial to the particulars furnished, and further directed that the plaintiff thereafter furnish such additional particulars as might come into his possession, and that if he failed to furnish additional particulars which came into his possession he would be barred at the trial "from using the same as evidence." On January 31, 1947, the defendants filed their answer.
On February 5, 1948, the lower court entered an order requesting the Secretary of Labor of the United States to produce at the trial, all of the records of his department pertaining *Page 288 
to the plaintiff's employment by the defendants, including his classification under the Fair Labor Standards Act. In response, the Secretary of Labor addressed a letter to the trial judge enclosing a certificate from the Acting Administrator of the Wage and Hour and Public Contracts Divisions of the Department of Labor, which indicated that the plaintiff was included within those listed as exempt under section 13(a) (1) in the inspection report on file with the Wage and Hour Division.
On November 9, 1948, the case was called for trial and the defendants moved for dismissal. The motion was resisted by counsel for the plaintiff, who referred to the sufficiency of the particulars furnished, contended that the issue of whether the plaintiff was employed in a bona fide executive or administrative capacity was a factual one to be decided on the evidence to be introduced at the trial and pointed out that the certificate of the Secretary of Labor was not in evidence and the defendants' motion was premature. Nevertheless, the court granted the motion and entered its order dated November 9, 1948, dismissing the plaintiff's action because of the plaintiff's failure to furnish sufficient particulars and on the additional ground that he was employed in a bona fide executive capacity within the statutory exemptions. The order states that the parties had "stipulated in open court that the issues of law be disposed of by this court before a jury be called and testimony taken" but no evidence of such stipulation is embodied in the appendices or briefs of the parties.
 1.
In Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687,90 L.Ed. 1515, 1522 (1946), petition for rehearing denied,329 U.S. 822, 91 L.Ed. 699 (1946), the Supreme Court pointed out that although an employee asserting a claim for overtime wages under the Fair Labor Standards Act has the burden of proving that he performed work for which he was not properly compensated, the remedial nature of the act "and the great public policy which it embodies, *Page 289 
however, militate against making that burden an impossible hurdle for the employee." The available records are customarily in the possession of the employer, rather than the employee, and it is generally sufficient if the employee produces evidence from which the amount and extent of his work may be justly and reasonably inferred. See Anderson v. Mt. Clemens Pottery Co., supra; 42Col. L. Rev. 355, 358 (1943). In Porter v. Poindexter,158 Fed.2d 759 (C.C.A. 10th 1947), the court held the evidence to be adequate where the plaintiff testified that he worked from 7 A.M. to 5 P.M. on weekdays, 7 A.M. to 6 P.M. Saturdays and Sundays, and seven additional hours each week collecting accounts.
Plaintiff's bill of particulars, as supplemented, gave to the defendants similar information and we consider that it was sufficient. Presumably the particulars embodied all the pertinent information which the plaintiff had; if the defendants had desired more comprehensive interrogation of the plaintiff before trial they could have pursued other avenues including the liberal and diversified pretrial steps which were available to them, from September 15, 1948, to the date of trial, under the new rules which had superseded bills of particulars. See Rule 3:12-5. We are satisfied that the trial court's conclusion that the plaintiff's action was dismissable because of the supposed insufficiency of the particulars furnished was erroneous.
 2.
We are likewise of the opinion that the trial court's conclusion that the complaint was subject to dismissal, prior to the taking of any testimony, on the ground that the plaintiff was an executive within the statutory exemption embodied in section
13(a) (1) of the Fair Labor Standards Act was unsound. That act provides that any employee employed in a bona fide executive or administrative capacity "as such terms are defined and delimited by regulations of the Administrator" shall be exempt from its overtime provisions. The Administrator has, by regulations, defined a bona fide executive to be an employee (a) whose primary duty consists *Page 290 
of the management of the establishment or a department thereof, (b) who customarily directs the work of other employees, (c) who has authority to hire or fire or recommend hiring or firing, (d) who customarily and regularly exercises discretionary powers, (e) who receives not less than $30 per week, and (f) who does not spend more than twenty per cent. of his time in work performed by nonexempt employees.
The issue of whether any particular employee is an executive within the Administrator's definition is factual and will depend on whether the evidence establishes the enumerated factors. SeeDumas v. King, 157 Fed.2d 463 (C.C.A. 8th 1946). The burden of proving that the employee is within an exempt classification is on the employer. Walling v. General IndustriesCo., 330 U.S. 545, 547, 91 L.Ed. 1088, 1090 (1947); Wallingv. Morris, 155 Fed.2d 832 (C.C.A. 6th 1946); mod., subnom. Morris v. McComb, 332 U.S. 422, 92 L.Ed. 44 (1947). It is clear that at the time the defendants moved for dismissal of the plaintiff's complaint the lower court was in no position to determine whether the plaintiff was an executive. Thus, the record contained nothing as to whether the plaintiff customarily directed the work of others, or had discretionary power, or had the right to hire or fire or recommend hiring or firing, or did work of the same nature as that performed by nonexempt employees, and contained little, if anything, as to the other factors.
Defendants rely on the description embodied in the bill of particulars which, assuming its availability in support of defendants' motion, was, nevertheless, general and did not embody sufficient details on the material factors to enable a determination as to whether the plaintiff was an executive within the statutory exemption. Defendants next rely on the certificate of the Department of Labor and authorities are cited dealing with the weight accorded to administrative regulations and constructions. Those authorities are not pertinent since, unlike the situations there presented, the certificate did not relate to any binding general regulation adopted by the Administrator pursuant to statutory authority [see Walling v. Morris, supra;Cino v. Driscoll, 130 N.J.L. 535 *Page 291 
(Sup. Ct. 1943)]; it did not embody any long-standing statutory construction by the Administrator which might be given "great weight" by the courts [United States v. American TruckingAssociation, Inc., 310 U.S. 534, 84 L.Ed. 1345 (1940);Kravis v. Hock, 137 N.J.L. 252 (Sup. Ct. 1948)]; and it did not set forth any of the Administrator's general interpretative principles which have been said to constitute "a body of experience and informed judgment to which courts and litigants may properly resort for guidance" [Skidmore v. Swift Co.,323 U.S. 134, 140, 89 L.Ed. 124, 129 (1944)]. See Davis,Administrative Rules — Interpretative, Legislative andRetroactive, 57 Yale L. Jour. 919 (1948).
The certificate merely indicated that inspection had been made by the Wage and Hour Division in the course of the performance of its enforcement duties and that the inspection report had classified the plaintiff as exempt under section 13(a) (1). The Division's inspector presumably reached his conclusion as the result of examination of records and ex parte interviews and on the basis of asserted facts which may or may not have been complete and accurate. Undoubtedly, the Administrator could properly avail himself of the inspector's report as a basis for determining whether any enforcement action should be instituted by him. Nothing in the act, however, purports to give the Administrator authority to make a factual determination as to the exempt status of any particular employee which would be legally binding between the employee and the employer. On the contrary, the act authorizes the employee who claims that he has not been compensated in accordance with its terms to maintain an action in court where the pertinent facts are to be determined as in other judicial proceedings. Where, as here, the employee seeks to establish, by the introduction of evidence, that in the light of the actual duties performed by him, he was not within an exempt classification as provided in the act and defined in the Administrator's regulations, he may not be barred from proceeding by an inspector's ex parte determination that he was an exempt employee or even by the Administrator's acceptance thereof. We are satisfied that in so far *Page 292 
as the lower court relied upon the certificate of the Wage and Hour Administrator to forestall the plaintiff's introduction of testimony as to his actual duties and to dismiss his complaint in advance of trial, its action was erroneous.
 3.
The defendants contend that the dismissal of the complaint may be sustained on the ground that the plaintiff was exempt undersection 13(b) (1) of the Fair Labor Standards Act which exempts from its overtime provisions "any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions" of the Motor Carrier Act. The parties concede that to fall within this classification the employee must be engaged in activities which relate to the safety of operations of motor vehicles. See Porter v. Poindexter, supra. The burden of establishing that he was so engaged is on the employer. SeeWalling v. General Industries Co., supra; Walling v. Morris,supra. In the light of these principles, it is clear that there was not enough before the lower court at the time of the defendants' motion to justify dismissal of the complaint on the ground that the plaintiff was an exempt employee within section
13(b) (1).
 4.
The final contention urged by the defendants is that the dismissal of the complaint may be sustained under section 9 of the Portal-to-Portal Act of 1947 (29 U.S.C.A., § 258) which affords a defense to a proceeding for overtime compensation under the Fair Labor Standards Act if the employer "pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged." This *Page 293 
act was passed after the defendants filed their answer and although they had alleged that the plaintiff had been classified as an exempt employee, they did not assert any defense which would meet the requirements of section 9. Since the defendants had not pleaded and proved that they acted in good faith and in reliance upon administrative sanction, as contemplated bysection 9, dismissal of the complaint thereunder would have been unwarranted. However, the defendants should be given leave to amend their answer to set forth a defense within section 9 or any other section of the Portal-to-Portal Act upon which they may seek to rely and, thereafter, the matter should proceed in accordance with the current rules governing practice.
The judgment of dismissal is reversed. *Page 294