CITY OF WATERTOWN, Respondent v. MESEBERG, Appellant

(144 N.W.2d 42)

(File No. 10232. Opinion filed July 16, 1966)

Beardsley, Osheim & Wagner, Watertown, for appellants.

Dean Sumner, Watertown, for respondent.

RENTTO, Presiding Judge.

These defendants were charged with becoming barmaids in violation of an ordinance of the City of Watertown. Pursuant to stipulation the controversy was heard by the trial court, without a jury, on an agreed statement of facts. The court denied their motions to dismiss and found them guilty after which a fine of $25 was imposed on each of them. They appeal.

In their assignments of error they claim that the ordinance in question is (1) unconstitutional because of its vagueness and uncertainty; (2) that it is invalid as an exercise of municipal

power in excess of the power granted to the municipalities of this state; and (3) it is unconstitutional because it denies them equal protection of the laws in contravention of the Fourteenth Amendment to the Constitution of the United States. These same grounds were urged in the trial court in support of their motions to dismiss.

The conduct which occasioned the prosecution of the defendants is set forth in these two paragraphs of the statement of facts:

"The alleged offense occurred in the City of Watertown at the Canteen Bar owned by LaVerne Meseberg and Arlo Meseberg and that the said bar was the holder of a valid on-sale liquor permit. That the Defendant, Mae Meseberg, is the wife of said Arlo Meseberg, and Defendant, Delores Meseberg, is the wife of said LaVerne Meseberg. That the Defendants were at the time of the alleged offense serving a mixed highball of intoxicating liquor at the said Canteen Bar.

"That neither of the Defendants are employees of the Canteen Bar but at the time of the alleged offense were assisting their husbands in the operation of said business because of the shortage of regular employees."

The ordinance which it is claimed the defendants violated provides as follows:

"No woman or girl shall be employed in any place of business where intoxicating liquor is sold 'on sale', or be permitted to be connected in any way, directly or indirectly, with the sale or serving of intoxicating liquor, non-intoxicating beer, or any other article or commodity sold in such place of business".

The complaint against the defendants charged them with becoming employed in a place of business where intoxicating liquor is sold on sale. In regulations of this type the word "employed" embraces all persons whose services are utilized in furtherance

of the licensed business notwithstanding the absence of a technical employer-employee relationship. Kravis v. Hock, 137 N.J.L. 252, 59 A.2d 657.

It is to be noted that the language of the ordinance is in the alternative. The first statement of the proscription is that no woman or girl shall be employed in any place of business where intoxicating liquor is sold on sale. Second, no woman or girl shall be permitted to be connected in any way, directly or indirectly, with the sale or serving of intoxicating liquor, non-intoxicating liquor, non-intoxicating beer, or any other article or commodity sold in such place of business. In claiming that the ordinance is unconstitutional because of vagueness or uncertainty the defendants direct their attack to the second statement of the offense. But these defendants are not charged with violating that portion of the ordinance; nor could they be because it condemns only the one who permits a woman or girl to be connected in any way therewith.

Since they are not being prosecuted under this portion of the ordinance they may not urge its invalidity in this proceeding. State v. Perry, 269 Minn. 204, 130 N.W.2d 343. In 62 C.J.S. Municipal Corporations § 433 at page 828 appears the following statement, "one prosecuted for violation of one section of an ordinance may not attack the validity of other separable sections which he is not accused of violating." McQuillin, Municipal Corporations, 3rd Ed., § 20.11, states the rule thus: "Provisions, sections or parts of an ordinance, clearly separable from those invoked, not affecting a party cannot be questioned by him." See also 37 Am.Jur., Municipal Corporations, § 170. We think this rule here applicable. It is in accord with general principles governing attacks on the constitutionality of statutes enacted by the legislature. Torigian v. Saunders, 77 S.D. 610, 97 N.W.2d 586.

It is well established that municipal corporations have no powers other than those granted to them by the constitution and statutes and such as are necessarily implied from expressly delegated powers or incidental thereto. Ericksen v. City of Sioux Falls, 70 S.D. 40, 14 N.W.2d 89; Robbins v. City of Rapid City,

71 S.D. 171, 23 N.W.2d 144; City of Rapid City v. Rensch, 77 S.D. 242, 90 N.W.2d 380; Custer City v. Robinson, 79 S.D. 91, 108 N.W.2d 211. Defendants' second contention presents the claim that our laws do not confer upon the City of Watertown the power to enact an ordinance making their described conduct a public offense. There is merit in this view.

By SDC 45.0201(31) municipalities are given the power "To regulate the sale and use of alcoholic beverages and to engage in retailing the same, in each instance to the extent and as provided in title 5, 'Alcoholic Beverages' ". In SDC 1960 Supp. 45.0201-1(3) it is provided that "Every municipality shall have power to prohibit the sale, offering for sale, keeping for sale, distilling, manufacturing, producing, bottling, blending, or otherwise concocting or transporting of any alcoholic beverages or the transaction of business in alcoholic beverages except as authorized under the provisions of SDC Title 5, as amended."

Accordingly to ascertain what these powers are we turn to Title 5. It is therein stated in SDC 1960 Supp. 5.0108 that: "No municipality is empowered to require any license or fee from a licensee under this title. Any incorporated municipality, however, shall have power, as to licensees operating within such municipality, by ordinance: * * *

"(3) To make regulations concerning the conduct of retail traffic in alcoholic beverages, which regulations are not inconsistent with the provisions of this title, and are in conformity with the purposes thereof; provided, however, that any municipality may by ordinance prohibit the sale of alcoholic beverages on Sunday".

The city claims that the prosecutions here involved are within the power bestowed on it by this legislative enactment.

■ ■ We are not called on to determine what ordinances the city could properly adopt under this authorization. Our problem is whether this legislative grant empowers the city to make it an offense for a woman or girl to accept employment in a place of business where intoxicating liquors are sold on sale. In this

connection it is to be noted that the power of regulation granted to municipalities by this statute is only "as to licensees operating within such municipality". Consequently municipal regulation of such retail traffic, under this authority, must be directed against the licensee. The word "licensees" as used therein refers to the individuals or corporations to whom the license has been issued. SDC 5.0103. Accordingly, we hold that this authority does not grant to the city power to make it a public offense for a woman or a girl to accept employment in such establishments.

While this disposes of the appeal we think it proper to note that in the first definition of the offense the ordinance is somewhat uncertain with respect to the persons within its scope. Does its language encompass only the one who does the employing and not the person being employed; or does it cover both or possibly neither? The penalty provision of the ordinance does nothing to dissipate this uncertainty. It provides only that any person violating any provision of the ordinance upon conviction thereof shall be punished by a fine or imprisonment, or both.

Reversed.

All the Judges concur.