Clair DONOVAN and Brian Maas, Plaintiffs and Appellees,

v.

CITY OF DEADWOOD, a Municipal Corporation, and Deadwood Historic Preservation Commission, Defendants and Appellants.

No. 18810.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1995.

Decided Oct. 18, 1995.

---

A.P. Fuller and Brad P. Gordon of Fuller & Tellinghuisen, Lead, for plaintiffs and appellees.

Jon W. Mattson, Deadwood, for defendants and appellants.

MARTIN, Circuit Judge.

The City of Deadwood (City) and the Deadwood Historic Preservation Commission (Commission), appeal from a judgment reversing their decision denying Clair Donovan and Brian Maas' (Owners) a demolition permit. The trial court held that City and Commission's action was beyond City's statutory and constitutional powers and beyond Commission's authority. We affirm.

## FACTS

Owners' real property includes a commercial structure located within City commonly known as the "Treber Ice House." This property is adjacent to U.S. Highway 85 near the outskirts of City. It is in an area formerly known as "Pluma," which City annexed in the 1970s. This property has never been designated an "historic property," nor is it located in City's "historic district," under the statutory requirements set forth in SDCL 1–19B. Furthermore, it is not included in the National Register of Historic Places nor the State Register of Historic Places.

In late summer 1992, City passed a new zoning ordinance, Ordinance No. 831. It was enacted pursuant to SDCL 11–4 and SDCL 11–6. The ordinance contained 125 pages and, among other things, granted Commission, in conjunction with the city building official, the authority to issue or deny building and demolition permits.

In the fall of 1992, Owners approached City and requested a permit to demolish the Treber Ice House. They were referred to City's director of historic preservation who advised them that Commission had the authority to issue or deny a demolition permit. Owners applied for a demolition permit.

By letter dated October 5, 1992, Commission advised Owners that their request was denied because: (1) the building was eligible for listing on the National Register of Historic Places; (2) the building was the only remaining standing historic commercial/industrial resource in what was once the community of Pluma; (3) there was no proposal to

replace the historic resource with anything other than a vacant lot; and (4) Commission understood that this request was an effort to prevent the state Department of Transportation from following the Section 106 process mandated by federal law. Further, by letter dated October 26, 1992, City's building inspector advised Owners that he also denied their request in conjunction with the decision of Commission.

## ISSUES

I. Under the facts of this case, did City and Commission have the right to deny the issuance of a building demolition permit to Owners?

II. Did Owners, by filing an application for a demolition permit, waive the right to challenge the validity of the underlying regulations of the proceeding?

## DECISION

### I. Power of municipality

■ City is a non-chartered municipality, and as such, a creature of the constitution and the statutes of the state of South Dakota. Consequently, it possesses only such powers as the laws of South Dakota give to it, together with those incidental or implied powers that are necessary to enable it to perform designated and authorized functions. A non-chartered municipality such as City has no inherent powers and none of the attributes of sovereignty. *Ericksen v. City of Sioux Falls,* 70 S.D. 40, 14 N.W.2d 89, 95 (1944); *City of Sioux Falls v. Murray,* 470 N.W.2d 619, 620 (S.D.1991); *City of Watertown v. Meseberg,* 82 S.D. 250, 144 N.W.2d 42, 44 (1966).

SDCL ch. 1–19A specifically deals with the preservation of historic sites. It was enacted by our legislature in 1973. SDCL ch. 1–19B was enacted by our legislature in 1974. It specifically deals with historic properties, historic preservation and the like. SDCL 1–19B–2 provides that a municipality may establish a historic preservation commission to preserve, promote and develop the historic resources of the municipality in accordance with the provisions of SDCL ch. 1–19B. Thus, historic preservation, promotion, and

development is specifically authorized through the historic preservation commission. SDCL ch. 1–19B specifically provides that if a municipality wishes to control historic property, it may either designate such property historic or create an historic district under SDCL 1–19B–20. Further, under SDCL 1–19B–20, a municipality may adopt an ordinance designating historic property. However, in order to do so, the municipality must meet the criteria established for the inclusion of the property in the State Register of Historic Places established pursuant to SDCL ch. 1–19A *and* the municipality must follow the procedural steps set forth in SDCL 1–19B–21 through 24 inclusive. If a city does not follow such procedural steps the ordinance cannot be adopted, and any designation of historic property contained therein is without legal effect.

SDCL 1–19B–20 through 1–19B–24 (emphasis added) provide:

1–19B–20. The local governing body of any county or municipality may adopt an ordinance designating one or more historic properties on the following criteria: historic, architectural, archaeological and cultural significance; suitability for preservation or restoration; educational value; cost of acquisition, restoration, maintenance, operation or repair; possibilities for adaptive or alternative use of the property; appraised value; and the administrative and financial responsibility of any person or organization willing to underwrite all or a portion of such costs. *In order for any historic property to be designated in the ordinance, it must in addition meet the criteria established for inclusion of the property in the state register of historic places established pursuant to chapter 1–19A. No ordinance designating an historic property pursuant to this section may be adopted until the procedural steps set forth in 1–19B–21 to 1–19B–24, inclusive, have been taken.*

1–19B–21. Before an ordinance designating an historic property is adopted pursuant to 1–19B–20, the local historic preservation commission shall make an investigation and report on the historical, architec-

tural, archaeological or cultural significance of the property in question.

1–19B–22. Before an ordinance designating an historic property is adopted pursuant to 1–19B–20, the local governing body shall hold a public hearing on the proposed ordinance, after giving sufficient written notice to the owners and occupants of the property and posting public notice in its normal manner.

1–19B–23. For each designated historic property, an ordinance adopted pursuant to 1–19B–20 to 1–19B–24, inclusive, *shall require that the waiting period set forth in 1–19B–27 (180 days written notice from owner to local historic preservation commission) be observed prior to its demolition, material alteration, remodeling or removal.* The ordinance shall also provide for a suitable sign or marker on or near the property indicating that the property has been so designated.

1–19B–24. Upon adoption of an ordinance pursuant to 1–19B–20, the owners and occupants of each designated historic property shall be given written notification of such designation by the local governing body. One copy of the ordinance shall be filed by the local historic preservation commission in the office of the register of deeds for the county in which the property is located.

City admits it has not followed the procedural requirements which pertain to the Treber Ice House, and it admits that under SDCL ch. 1–19B, the ice house has not been designated an historic property nor located within City's historic district. City maintains, however, that its power and authority is not restricted to the provisions of SDCL ch. 1–19B, since SDCL 11–4–1, 11–4–2, 11–4–6, 11–4–7, 11–6–1(11), 9–19–3, and 9–29–1 give it the authorization and power to enact Ordinance 831.

■ City's position is untenable. These provisions were enacted prior to SDCL ch. 1–19A and 1–19B, and a review of these provisions reveals that they are general in nature and do not specifically deal with preservation of historic property. The legislature is assumed to have known of the general zoning, planning, and municipal powers stat-

utes in existence at the time they enacted the particular statutes involving historic preservation of property found in SDCL ch. 1–19A and 1–19B. *Meyerink v. Northwestern Public Service Co.,* 391 N.W.2d 180 (S.D.1986). Further, in construing statutes, the terms of a statute relating to a particular subject will prevail over general terms of another statute. *US West Com. v. Public Utilities Com'n.,* 505 N.W.2d 115 (S.D.1993). And, as the circuit court judge correctly pointed out, nowhere within SDCL ch. 1–19B exists any authority for a commission to deny a demolition permit even if a property is historic. On the contrary, SDCL 1–19B–27 provides that historic properties may be demolished after 180 days notice given to the historic preservation commission and during that 180 day period, the commission may negotiate with the owner in an effort to find a means of preserving the property. However, at the conclusion of the 180 days, the owner of historic property may raze the property.

■ City failed to comply with SDCL ch. 1–19A, and the clear and definite procedural requirements of 1–19B, from which their authority to govern the use of historic property is found. City failed to properly enact an ordinance giving Commission or itself jurisdiction and authority over the Owners' property, as per SDCL ch. 1–19A and 1–19B. Further, there exists no statutory authority to deny Owners' application for a demolition permit. Therefore, the denial of Owners' request for a demolition permit was beyond the statutory and constitutional powers of City and the authority of Commission.

## II. Waiver

■ We have reviewed the City and Commission's contention and find it to be without merit. Suffice to say that Owners, through their actions, cannot confer authority and jurisdiction where there is none.

MILLER, C.J., and SABERS and KONENKAMP, JJ., concur.

MARTIN, Circuit Judge, for AMUNDSON, J., disqualified.

GILBERTSON, J., not having been a member of the Court at the time this case was submitted did not participate.