GRANT LUNCH CORPORATION, PROSECUTOR, v. ALFRED E. DRISCOLL, COMMISSIONER OF THE STATE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENT.

Submitted October 6, 1942—Decided January 27, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Kasen, Schnitzer & Kasen (Morris M. Schnitzer)*.

For the respondent, *Edward J. Dorton*.

The opinion of the court was delivered by

CASE, J.   Prosecutor seeks a writ of *certiorari* to review the proceedings and record of the New Jersey Department

of Alcoholic Beverage Control wherein the Commissioner adjudged that the prosecutor had sold a half-gallon bottle of Hiram Walker's "93" rye whiskey below the minimum consumer price and in violation of rule 6 of State Regulation No. 30 and ordered that the plenary retail consumption license held by the prosecutor should be suspended for a period of five days. The parties have stipulated that in the event the court should direct a writ to issue the record now before us should be considered as returned pursuant to the writ, to the end that the merits of the controversy be now determined. The pertinent statutes are the Fair Trade Act, *R. S.* 56:4-3, *et seq.*, and chapter 208, *Pamph. L.* 1938 (supplementing *R. S.* 33:1 wherein the State Commissioner of Alcoholic Beverage Control was given the discretionary authority by rule or regulation to prohibit or regulate the sale of alcoholic beverages in violation of any fair trade contract entered into pursuant to chapter 4, title 56, of the Revised Statutes). The Commissioner promulgated rules and regulations designated "Regulation No. 30," rules 1 to 8, inclusive, whereby a retail licensee was prohibited upon the penalty of revocation or suspension of license from selling or offering for sale any product covered by a contract between a manufacturer or wholesaler and any licensed New Jersey retailer except at the price stipulated in such contract or the price list accompanying the same, when the contract and price list should have been filed and published and duly bulletined.

On September 27th, 1941, prosecutor, which was then the holder of a plenary retail consumption license at 197-201 Market Street and 6-8 Beaver Street, in the City of Newark, sold at that place by mistake and not willfully, but nevertheless in violation of a contract between Hiram Walker, Incorporated, as manufacturer or wholesaler, and Gus Waldron Wine and Liquor Store, a licensed retailer, and price lists going therewith and the bulletins of the department bearing thereon, all duly circulated, a bottle of rye whiskey at the price of $3.19 as against the current "fair trade" price of $3.29.

Prosecutor contends (1) that paragraph 6 of Regulation 30,

where invoked to punish sales induced by innocent, non-negligent mistakes as to price, violates due process of law in that it does not express its scope and intended application to such cases with the clarity, lucidity and precision requisite for penal enactments; (2) that Regulation 30, when invoked to punish sales resulting from innocent, non-negligent errors, exceeds the statutory authority under which the regulation was promulgated; (3) that the suspension of license ordered by the defendant will entail a direct loss of $2,572.20 to the prosecutor and $518.43 to 21 of its employees and is so grossly excessive and disproportionate to the nature and quality of the offense charged against the prosecutor as to require mitigation or reversal.

The offense charged against prosecutor was not a crime; it was a violation of rules and regulations duly set up under statutory authority in the control of a business that for many years has been lawfully subjected to regulation by statute and under statutory authority. The sale of liquor has never been a business of right in this state. The legislature has uniformly granted wide discretion to officers charged with duties with respect to the granting and revoking of liquor licenses. The Commissioner is empowered by the 1938 statute, *supra,* to make the regulations necessary, in his judgment, in order to secure a fair administration of the law permitting the sale of intoxicating liquor and the fixing of a price applicable alike to all dealers and all customers. It was within the authority of the State Commissioner of Alcoholic Beverage Control to impose the regulation under review and to suspend the license of a violating licensee, *Gaine* v. *Burnett,* 122 *N. J. L.* 39; *affirmed,* 123 *Id.* 317. The right extensively to regulate the sale of intoxicating liquors by retail has been given broad judicial support, *Meehan* v. *Excise Commissioners,* 73 *Id.* 382; 75 *Id.* 557; *Franklin Stores Co.* v. *Burnett,* 120 *Id.* 596; *Phillipsburg* v. *Burnett,* 125 *Id.* 157. The prosecutor's argument presents no sound reason for distinguishing the foregoing decisions.

Although the sale was not accomplished in purposeful violation of the regulations it was such an act as would have been avoided had the prosecutor's clerks performed their

duty; and in any event it was a flat violation of lawful regulations duly promulgated and fully grounded in the statute. Prosecutor does a large business. But it operates under a unit license and the fact that it does a large business, from which it presumably makes commensurate profits, is not a reason why, when it violates the law, it should not be punished by an interruption of the license by grace of which that business is done. The suspension of the license for a period of five days was within the lawful discretion of the Commissioner. The volume of business done by the prosecutor does not suffice to change that official act into an abuse.

We are not controlled by the stipulation of counsel; nevertheless we deem it proper, under the circumstances, to place the case in the status of one wherein the writ has issued, been returned, decided adversely to the prosecutor, and therefore dismissed, with costs.