14 N.J. Super. 39 (1951)
81 A.2d 398
GREENBRIER, INC., PLAINTIFF-APPELLANT,
v.
ERWIN B. HOCK, DIRECTOR OF THE DIVISION OF ALCOHOLIC BEVERAGE CONTROL, IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1951.
Decided May 17, 1951.
*40 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Abraham I. Mayer argued the cause for appellant (Mr. Thomas L. Hanson, attorney).
Mr. Samuel B. Helfand, Deputy Attorney-General, argued the cause for respondent (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney).
*41 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The appellant is the holder of a plenary retail liquor consumption license. It was found guilty of charges that it allowed, permitted or suffered the following prohibited conduct: (1) lewdness and immoral activities on its licensed premises, in violation of Rule 5 of State Regulation No. 20; (2) sale and service of alcoholic beverages on its licensed premises during prohibited hours, in violation of local ordinance, and (3) during such prohibited hours it failed to have its entire licensed premises closed and permitted persons other than the licensee and its employees to remain thereon, in violation of local ordinance. An order was entered by the Director of the Division of Alcoholic Beverage Control suspending the appellant's license for a period of 90 days.
Both the state regulation and the local ordinance provide that the licensee shall not "allow, permit or suffer" the prohibited conduct. The licensee concedes that the prohibited conduct as charged was proved, but argues that there was a failure to prove that it allowed, permitted or suffered such conduct.
At about 5:45 A.M. on April 21, 1950, one William Berry, who resided next door to the licensed premises, gained access to the tavern for himself and others, by the use of a key given to him by the president of the corporate licensee. William Berry participated in the prohibited conduct which occurred on the licensed premises between 5:45 A.M. and 6:45 A.M. on that day. The licensed premises are located in a building owned by a corporation controlled by William Berry and his two brothers, James and Ellie. The licensee obtained the license in September, 1948, by transfer from Vella Berry, the wife of William Berry. The licensee is a corporation in which the stock is held as follows: Patsy Giuliano, eight shares; James Berry, brother of William, one share; and Ellie Berry, brother of William, one share. Patsy Giuliano, the president of this corporation, lives about 40 miles from the licensed premises. He employed two *42 bartenders, each of whom resides near the tavern and has a key to the premises. Giuliano visited the tavern only two or three times a week. He testified that he gave a key to the tavern to William Berry "about a couple of weeks before" the prohibited conduct occurred, in order to permit him to paint the inside of the premises, fix a pump and fix the sewer system, but denied that William Berry was an agent, servant or employee of the licensee.
The licensee argues that there was error in the finding that it allowed, permitted or suffered the prohibited conduct, because there was no proof that the licensee or any agent, servant or employee of the licensee participated in the violation. The licensee relies on Rule 31 of State Regulation No. 20, which provides:
"In disciplinary proceedings brought pursuant to the Alcoholic Beverage Law, it shall be sufficient, in order to establish the guilt of the licensee, to show that the violation was committed by an agent, servant or employee of the licensee. The fact that the licensee did not participate in the violation or that his agent, servant or employee acted contrary to instructions given to him by the licensee or that the violation did not occur in the licensee's presence shall constitute no defense to the charges preferred in such disciplinary proceedings."
It is argued that under this regulation there can be no finding of guilt of the licensee. But the finding of guilt here did not depend upon Rule 31 of State Regulation No. 20. This rule contains no prohibition and is merely declaratory of certain applicable court decisions. Cf. Grant Lunch Corp. v. Driscoll, 129 N.J.L. 408 (Sup. Ct. 1943), affirmed 130 N.J.L. 554 (E. & A. 1943), cert. denied 320 U.S. 801, 88 L.Ed. 484 (1944); Cedar Restaurant & Cafe Co. v. Hock, 135 N.J.L. 156 (Sup. Ct. 1947); Essex Holding Corp. v. Hock, 136 N.J.L. 28 (Sup. Ct. 1947); Galsworthy, Inc., v. Hock, 3 N.J. Super. 127 (App. Div. 1949). That this rule does not even purport to be exclusive in its application is clear from its language "it shall be sufficient, in order to establish the guilt of the licensee to show."
*43 Next, it is contended that it was error to hold that the licensee allowed, suffered or permitted the conduct, because William Berry was a trespasser and the conduct occurred without the licensee's knowledge or consent. The following citation from Essex Holding Corp. v. Hock, above, (p. 31) is relied upon: "Although the word `suffer' may require a different interpretation in the case of a trespasser, it imposes responsibility on a licensee, regardless of knowledge, where there is a failure to prevent the prohibited conduct by those occupying the premises with his authority. Guastamachio v. Brennan, 128 Conn. 356, 23 A.2d 140 (Sup. Ct. of Err., Conn., 1941)." We think that "trespasser" as used in the Essex Holding Corp. case was intended to refer to one who enters the premises without any privilege to enter, either general, conditional or restricted. William Berry was not such a trespasser; he had a privilege to enter. The licensee gave him the means of access and authority to occupy the premises. When a privilege to enter is given, whether general, conditional or restricted, the licensee has the duty of taking such measures as the circumstances of the particular case require to prevent prohibited conduct on the licensed premises arising out of the grant of the privilege. This licensee cannot avoid this duty on the technical argument that William Berry was a trespasser on the particular occasion because he entered the premises for a purpose other than the authorized purpose. Cf. Restatement, Torts, § 168. As was aptly said in Hudson Bergen, etc., Ass'n. v. Hoboken, 135 N.J.L. 502, 507 (E. & A. 1947):
"The reason and the need for singling out the liquor traffic for peculiar limitation and strict supervision may be read in our statutes from early colonial times. * * * Thus, through nearly 250 years the legislature has struggled with the conditions arising out of the sale of liquor. The current statute is to be construed in the light of the long series of statutes of which it is the culmination and of the decisions of the courts regarding those statutes. Meticulous technicalities should not be permitted to thwart so considerable an effort toward keeping a public convenience from becoming a social evil. The state authorities should be given every reasonable opportunity to work out the mandate of the legislature." *44 Again, in Essex Holding Corp. c. Hock, above, the court said (at p. 31):
"Although statutes penal in character must be construed strictly, the injunction of the legislature as hereabove indicated enjoins us to the contrary in reference to liquor traffic. * * * Our courts have held that it `is a subject by itself, to the treatment of which all the analogies of the law, appropriate to other topics, cannot be applied.'"
The proofs and the legitimate inferences which might be drawn therefrom are sufficient to support the finding of the director that the licensee suffered the prohibited conduct because it entrusted the means of access to the licensed premises to William Berry and failed in its duty to take effective measures to prevent the prohibited conduct by those occupying the premises, through the means provided by it. Cf. Guastamachio v. Brennan, above, and Essex Holding Corp. v. Hock, above.
Affirmed.