35 N.J. Super. 30 (1955)
113 A.2d 44
JOHN PETER BENEDETTI, TRADING AS ACE TAVERN, APPELLANT,
v.
THE BOARD OF COMMISSIONERS OF THE CITY OF TRENTON, DIVISION OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, AND WM. HOWE DAVIS, DIRECTOR, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1955.
Decided April 5, 1955.
*31 Before Judges GOLDMANN, FREUND and CONFORD.
*32 Mr. Charles Stanziale argued the cause for the appellant (Mr. Joseph J. Felcone, of counsel).
Mr. Louis Josephson argued the cause for the respondent Board of Commissioners of the City of Trenton (Messrs. John Brieger and Louis Josephson, attorneys).
Mr. Samuel B. Helfand argued the cause for the respondent Division of Alcoholic Beverage Control of the State of New Jersey (Mr. Grover C. Richman, Jr., Attorney-General, attorney).
The opinion of the court was delivered by FREUND, J.A.D.
John Peter Benedetti appeals from an order of the Division of Alcoholic Beverage Control affirming an order of the Board of Commissioners of the City of Trenton revoking his plenary retail distribution license for his tavern. The basis of this order was appellant's violation of Rules 4 and 5 of State Regulations No. 20 promulgated pursuant to N.J.S.A. 33:1-39, in that he permitted upon his licensed premises prostitutes and persons of ill repute, solicitation for sexual intercourse, and conducted the tavern as a nuisance in a manner offensive to common decency and morals.
Benedetti categorically denied the charges, asserting that if such activities took place upon his premises, they were without his knowledge or consent. The board of commissioners, however, after hearing the testimony of witnesses, found the charges to be true. On appeal to the Division of Alcoholic Beverage Control, by stipulation the testimony taken before the local board of commissioners was accepted in lieu of the formal calling of witnesses. Benedetti's contention that the action of the local board was illegal, erroneous, arbitrary and capricious was found to be without merit.
The appellant now argues that the revocation of his license was upon insufficient evidence, against the weight of the evidence, and unduly harsh and severe.
It would serve no useful purpose to detail the sordid testimony that was adduced at the hearing. It will suffice to set *33 forth its general effect. Nine female patrons testified that over varying periods of time they were in the habit of going to the tavern, unescorted, where they met strange men, principally soldiers, who bought them drinks. Most of the girls testified that while in the licensed premises they made arrangements with the men to go elsewhere for illicit sexual intercourse and did in fact leave the premises and indulge in such acts, at hotels, motels, apartments and elsewhere. One girl testified that during a period of about a year and a half she met at this tavern and had sexual relations with about 200 men. The girls testified that when they were in the appellant's premises, he was usually there, tending bar.
There was abundant testimony from other witnesses to corroborate and substantiate the charges against the appellant. Among them was a police officer who testified that several of the girls were arrested for prostitution during the time they frequented the tavern.
On behalf of the appellant, testimony was given by a municipal A.B.C. investigator, a bartender, a waitress, and several patrons and neighborhood tradespeople, to the general effect that they saw nothing wrong going on in the premises. The neighborhood trades people visited the tavern principally during the day when their places of business were open. The municipal investigator testified that in her opinion the appellant tried to run a "clean place." Benedetti himself admitted that the girls had frequented his tavern, but said that he knew nothing of their solicitation. He testified that he made them behave themselves, and on occasion ejected some who did not.
The primary responsibility to enforce the law pertaining to retail licenses rests upon the municipality, R.S. 33:1-24, which has the power to conduct disciplinary proceedings to suspend or revoke retail licenses. R.S. 33:1-31.
The appellant argues that in the absence of direct proof that he knew of or consented to the charged activities upon the licensed premises, the evidence adduced at the hearing was insufficient to sustain the revocation of his license. Rules 4 and 5 impose the responsibility upon the *34 licensee not to "allow, permit or suffer" upon the premises persons of the character and acts of the nature above described, and such responsibility adheres regardless of knowledge where there is a failure to prevent the prohibited conduct by those in the premises with his authority. Essex Holding Corp. v. Hock, 136 N.J.L. 28 (Sup. Ct. 1947).
In revoking the appellant's license, the local board of commissioners stated:
"We would have to be naive to believe that these women could have solicited on the premises without anyone connected with the management learning of it. It is the opinion of this Board that persons connected with the Tavern knew what was going on but turned their backs to it."
We agree. The charges are amply sustained by substantial evidence that the unlawful acts in fact occurred and that Benedetti knew, or should have known, about them and allowed then to continue.
As to the sufficiency of the evidence, guilt beyond a reasonable doubt need not be proved, but only by a preponderance of the believable evidence. Kravis v. Hock, 137 N.J.L. 252 (Sup. Ct. 1948). The ultimate test in a review of a proceeding before an administrative tribunal is whether the factual findings are supported by substantial evidence, and where, as here, there is sufficient competent evidence to support the conclusions of the director, they will not be disturbed on appeal by a de novo determination. Traymore of Atlantic City, Inc. v. Hock, 9 N.J. Super. 47 (App. Div. 1950); In re Gutman, 21 N.J. Super. 579 (App. Div. 1952); Mazza v. Cavicchia, 28 N.J. Super. 280, 289 (App. Div. 1953), reversed on other grounds 15 N.J. 498 (1954).
The appellant argues that assuming he was negligent in not being aware of the prohibited activities, the order of revocation was unduly harsh, contending that in the cases of Greenbrier, Inc. v. Hock, 14 N.J. Super. 39 (App. Div. 1951); In re Larsen, 17 N.J. Super. 564 (App. Div. 1952); Mazza v. Cavicchia, supra, the charges were more aggravated, *35 but the penalty imposed was a suspension rather than revocation. The cases are clearly distinguishable. All involved first offenders and there were other extenuating circumstances which are not present in this case. Undoubtedly, the reason for the revocation was not only the appellant's guilt on the charges then under consideration, but also because he had been found guilty of two previous violations.
There is no common, inherent, natural or constitutional right to a liquor license; it is but a privilege. Eskridge v. Division of Alcoholic Beverage Control, 30 N.J. Super. 472 (App. Div. 1954); Mazza v. Cavicchia, supra. In the public interest, the right to prescribe the conditions under which intoxicants may be sold is practically limitless. Such power is vested in the Division or other issuing authority by R.S. 33:1-31, and the extent of any penalty imposed for violation of the law or regulations promulgated thereunder rests within the sound discretion of the adjudicating authority. Grant Lunch Corp. v. Driscoll, 129 N.J.L. 408 (Sup. Ct. 1943), affirmed 130 N.J.L. 554 (E. & A. 1943), cert. denied 320 U.S. 801, 64 S.Ct. 431, 88 L.Ed. 484 (1944); In re 17 Club, Inc., 26 N.J. Super. 43 (App. Div. 1953); Mitchell v. Cavicchia, 29 N.J. Super. 11 (App. Div. 1953).
Under the circumstances here presented, there was no abuse of discretion in the revocation of the appellant's license. Clearly, he did "allow, permit and suffer" upon his licensed premises, over a protracted period of time, a condition which constituted a flagrant offense to fundamental decency and morality, justifying the imposition of the maximum penalty provided by law.
Affirmed.