36 N.J. Super. 512 (1955)
116 A.2d 594
BUTLER OAK TAVERN, A CORPORATION, PLAINTIFF-APPELLANT,
v.
DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, AND WILLIAM HOWE DAVIS, DIRECTOR OF SAID DIVISION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 1, 1955.
Decided August 22, 1955.
*514 Before Judges HUGHES, HETFIELD and MARIANO.
Mr. Abraham I. Mayer argued the cause for the appellant (Messrs. Mayer and Mayer, attorneys and of counsel).
Mr. Samuel B. Helfand, Deputy Attorney-General, argued the cause for respondents (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney).
*515 The opinion of the court was delivered by MARIANO, J.S.C. (temporarily assigned).
Plaintiff appeals from an order of the Division of Alcoholic Beverage Control revoking its plenary retail consumption license.
On December 21, 1954 written charges were filed against the appellant where it was alleged that it did, on two separate occasions on December 18, 1954, sell cases of whiskey at less than the minimum price established in the then current effective minimum resale price list published by the then Director of the Division of Alcoholic Beverage Control. On December 23, 1954 an additional written charge was preferred against the appellant wherein it was alleged that it did on December 21, 1954 sell a case of whiskey at less than the minimum price thereof. The said sales were made in violation of Rule 5, State Regulations No. 30 of the Alcoholic Beverage Control Division, promulgated and adopted pursuant to statutory authority. See N.J.S.A. 33:1-23.1. To these charges the appellant entered pleas of non vult. Apparently, in accordance with his practice, the Director granted the request of the licensee to appear personally before him on the question of penalty and fixed the date of March 1, 1955 for oral argument respecting the penalty to be imposed.
The illegal sales were made by one Joseph Dilzer who, together with his wife, owns 48 of the 50 shares of stock issued by the appellant corporation. In October 1940, while Dilzer held a license individually, the local issuing authority suspended the same for five days because of a curfew infraction. In September 1943 the then Commissioner of Alcoholic Beverage Control suspended his license for 20 days after he had pleaded guilty to the charge of having refilled four bottles of alcoholic beverage with other tax-paid liquor. In February 1947 his first minimum price violation resulted in a 20-day penalty with five days off for a confessive plea. In July 1949 he received a 25-day penalty with five days off for a confessive plea for a second minimum price violation. In May 1952, although the proceedings were dismissed because of a failure to prove the charge by a preponderance of the evidence, there was enough in the record to suspect that the defendant *516 (Dilzer) was selling case lots of whiskey at less than the minimum price established therefor.
Appellant urges that the penalty of revocation was so unduly harsh as compared with penalties imposed in similar cases before and since the violations in question as to be arbitrary.
The entry of the pleas of non vult eliminated all issues of law or fact and waived all defects of record except those relating to jurisdiction and left nothing remaining except the imposition of the penalty. State v. Pometti, 12 N.J. 446, 452 (1953); In re 17 Club, Inc., 26 N.J. Super. 43 (App. Div. 1953).
The extent of the penalty to be imposed rests within the sound discretion of the Director of the Division of Alcoholic Beverage Control. Grant Lunch Corp. v. Driscoll, 129 N.J.L. 408 (Sup. Ct. 1943), affirmed 130 N.J.L. 554 (E. & A. 1943), certiorari denied 320 U.S. 801, 64 S.Ct. 431, 88 L.Ed. 484 (1944); In re Larsen, 17 N.J. Super. 564-573 (App. Div. 1952); Mitchell v. Cavicchia, 29 N.J. Super. 11 (App. Div. 1953); Benedetti v. Board of Commissioners of Trenton, 35 N.J. Super. 30, 35 (App. Div. 1955).
The burden of rebutting the presumption of validity and regularity of the administrative action rests upon the appellant. Carls v. Civil Service Commission, 31 N.J. Super. 39 (App. Div. 1954), affirmed 17 N.J. 215 (1955); Welsh Farms, Inc., v. Bergsma, 16 N.J. Super. 295 (App. Div. 1951).
Appellant contends that the Director in imposing the penalty under review abused the discretion reposed in him. In substantiation of this contention appellant directs our attention to the decisions of the Director dealing with penalties imposed by him for minimum price violations during the years 1954 and 1955 and to decisions dealing with penalties imposed by the Director for miscellaneous offenses where there have been previous records of convictions, all of which penalties are less severe than that imposed upon the appellant.
*517 Appellant further contends that by reason thereof the action of the Director of the Division of Alcoholic Beverage Control in revoking the license was arbitrary, capricious and denial of the appellant's constitutional right of equal protection under the law.
No constitutional guarantees are involved in the revocation of a liquor license, which implicates no inherent rights of citizenship nor any privileges or immunities of the citizens of the several states. Meehan v. Board of Excise Commissioners, 73 N.J.L. 382, 387 (Sup. Ct. 1906), affirmed 75 N.J.L. 557 (E. & A. 1908).
Fundamental principles of fairness and justice do prohibit arbitrary discrimination in treating licensees similarly situated; however, discrimination does not become arbitrary merely because varying penalties are imposed for different classifications of offenses. Camden County v. Pennsauken Sewerage Authority, 15 N.J. 456 (1954).
"Equality in the constitutional sense does not mean mathematical exactitude. And disapproval of the wisdom or fairness of the act is not alone a ground for judicial interference, if it is not beyond the sphere of the constituted authority. In the latest pronouncement on the subject by the Federal Supreme Court, Mr. Justice Jackson said:
`Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary.' Walters v. [City of] St. Louis, 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. [660] (1953)."
Moreover, there must be an affirmative showing of intentional and purposeful discrimination. In the Camden County case, above, Justice Heher further said (15 N.J., at page 469):
"But not every denial of a right conferred by state law involves a denial of the equal protection of the laws, `even though the denial of the right to one person may operate to confer it on another. * * * The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application *518 to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.' Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944)."
With these principles in mind it little profits the appellant to manifest the imposition of a lesser penalty for infractions of a similar nature. In any event there clearly and apparently appear distinguishing characteristics between the reasons for the imposition of the penalties as imposed by the Director in previous cases and that in the case sub judice. The cited cases by the appellant neither reach nor parallel the situation existing in the instant case. None of the cited cases discloses the aggravated circumstances present herein, nor the brazen recurrence of the identical violation after being caught "red-handed," nor the same previous record either in kind or degree. The later illegal sale on December 21, 1954, to which appellant pleaded non vult, after the illegal sales on December 18, 1954 and the charge thereof on the 21st day of December, 1954, most certainly was accomplished in purposeful violation of the regulations. It was such an act as would have been avoided had appellant shown any disposition to abide by the lawful regulations. Undoubtedly the reason for the revocation was not only the appellant's guilt of the charges, to which it pleaded non vult, but also because of its previous violations and its flaunting violation on December 21, 1954 and its persistent failure to abide by the lawful rules and regulations governing the conduct of its business.
The discrepancy, if any, which exists between the penalty imposed in this case and that in other cases of similar violations is not such a departure from the customary scale of penalties which would lead us to interfere or disturb the penalty imposed on the ground that it is too harsh, or indicative of being arbitrary, capricious or oppressive when viewed in the light of the facts and circumstances surrounding the violations which caused the director to order the revocation.
Appellant's attempt to analogize the requirements of the criminal law of including prior convictions in indictments, *519 in order to justify the imposition of a statutory sentence greater than that permitted for first offenders, is without merit. Such theory has no application to disciplinary proceedings conducted by the Director of the Division of Alcoholic Beverage Control for such proceedings are purely civil in nature and not criminal. Kravis v. Hock, 137 N.J.L. 252 (Sup. Ct. 1948); In re Schneider, 12 N.J. Super. 449 (App. Div. 1951); Mazza v. Cavicchia, 15 N.J. 498 (1954).
In addition thereto, a liquor license is subject to revocation for a first offense. N.J.S.A. 33:1-31. It is also to be noted that the previous violations were admitted by the appellant in its application for license.
Based upon the principle of exclusiveness of the record, appellant claims it was wrong, after the entry of the plea of non vult, to consider in aggravation of the penalty to be imposed the previous bad conduct record.
In Mazza v. Cavicchia, supra, our Chief Justice forcibly stated that it was improper for the Director, in reaching a decision in a contested case, to consider an ex parte report of a hearing officer. Failure to have shown hearer's report to appellant clearly violated his right to have the decision based exclusively upon matters in the record which are known to him and can consequently be controverted by him. The litigant is entitled to be apprised of the materials upon which the agency's finding of guilt is based.
The case sub judice is easily distinguishable from the Mazza case. In the latter the issue of guilt was contested at a full hearing. In the former pleas of non vult were entered which obviated the necessity of proving guilt by the type of hearing involved in the Mazza case. Having made unnecessary a full hearing on the question of guilt there remained nothing except the imposition of the penalty. In re 17 Club, Inc., supra. In addition, the Director granted licensee's request to be heard with respect to the penalty before the imposition of the same. At the said hearing held on March 1, 1955 there can be no doubt that the appellant was personally acquainted with its previous bad record and the *520 details thereof, as was the Director, for it was admitted by the appellant in its application for renewal of its license for the year 1954-1955 and for previous years.
It is to be observed that our courts have consistently held that "the liquor business is one that must be carefully supervised and it should be conducted by reputable people in a reputable manner." Zicherman v. Driscoll, 133 N.J.L. 586 (Sup. Ct. 1946). "As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils." Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 15, 34 L.Ed. 620 (1890); Eskridge v. Division of Alcoholic Beverage Control, 30 N.J. Super. 472 (App. Div. 1954).
The governmental power extensively to supervise the conduct of the liquor business and to confine the conduct of that business to reputable licensees who will manage it in a reputable manner has uniformly been accorded broad and liberal judicial support. In re Schneider, supra; Mazza v. Cavicchia, supra.
The flagrant disregard of the delicate balance of the price structure relating to alcoholic beverages requires stringent enforcement of the salutary regulations designed to insure stability in the sale of alcoholic beverages at retail. While isolated sales below minimum prices leave their limited mark upon the pricing system, and warrant license suspensions, the practice, as here, of the indiscriminate sale of alcoholic beverages at "cut rate" prices, if persisted in long enough, can only lead to the disruption of an orderly market and the evils that result therefrom. Applicant's conduct established its unfitness to be entrusted with the privilege of a liquor license and it has exhibited a callous and deliberate disregard of lawful regulations and there exists no doubt that the revocation was the only appropriate penalty. The penalty imposed is within the lawful delegative authority of the agency and tends to serve the legitimate interest of society in connection with the regulations of a business attended with danger to the community.
*521 The revocation of the license under the circumstances here presented does not appear to have been arbitrary or capricious, nor violative of due process, either substantive or procedural, nor an abuse of discretion, but amply justified by the licensee's infractions.
The determination of the Director here brought under review is affirmed.