IN THE MATTER OF THE SUSPENSION OR REVOCATION OF THE DISTRIBUTOR'S CIGARETTE LICENSE OF MARTIN SANDERS, MILTON SANDERS, SAMUEL SANDERS AND SEYMOUR SANDERS, PARTNERS, T/A I. BOSS & CO., LICENSE NO. 96, AND THE RETAIL DEALER'S CIGARETTE LICENSE OF PHILIP HOCHMAN, LICENSE NO. 0709.

MARTIN SANDERS, *ET AL.,* T/A I. BOSS & CO., APPELLANTS, v. DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 18, 1956—Decided June 26, 1956.

478

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Heyman Zimel* argued the cause for appellants (*Mr. Leon Kreiger,* attorney).

*Mr. David D. Furman,* Deputy Attorney-General, argued the cause for respondent (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney; *Mr. George H. Barbour,* Deputy Attorney-General, on the brief).

480

The opinion of the court was delivered by

JAYNE, J. A. D. On November 18, 1955 the Director of the Division of Taxation, Department of the Treasury, ordered that the distributor's cigarette license No. 96 of the appellants Martin Sanders, Milton Sanders, Samuel Sanders, and Seymour Sanders, partners trading as I. Boss & Co., be suspended for a period of five consecutive business days beginning at noon on November 28, 1955, and that the retail dealer's license No. 0709 of Philip Hochman be likewise suspended for the same period. *N. J. S. A.* 56:7-33.

The retailer, Hochman, does not appeal from the order of suspension of his license but the Sanders, the distributors, do so in relation to the stated interruption of their license.

On appeal the latter proposed to us for decision three questions, *viz.*, (1) were the appellants accorded a fair and impartial hearing in consonance with the principles of due process; (2) was it prejudicially erroneous to consider the charges against the distributor and the retailer at the same hearing, and (3) was there adequate evidence to support the factual findings of the Director.

█ It is at once obvious that the holder of the distributor's license and the holder of the retailer's license were charged with cooperative participation in the transaction which allegedly constituted the infraction of *N. J. S. A.* 56:7-20. Tersely stated, the transaction between them was one in which the distributor was alleged to have given and the retailer accused of having received a rebate in the sale of cigarettes at two cents a carton below the legal minimum price.

Nowhere in the record can a faint intimation be found that either of the licensees desired a separate hearing. Indeed, the correlative and conjunctive characteristics of the charges would reasonably recommend a concomitant hearing. Naturally and logically would the evidence of charges of such mutuality be interrelated in its application to the alleged guilt of each of the accused, whether introduced concurrently or in immediately successive separate hearings. We fail to perceive any injustice suffered by the appellants

in the expeditious course of procedure thus voluntarily pursued.

■ The deprivation of the appellants of due process is suggested to exist in their failure to be represented at the hearing by an attorney. The situation in that particular is conspicuously exposed by the following quotation from the appendix:

"Mr. Tilton (State Supervisor of Cigarette Tax Bureau, the hearer): How do the licensees plead?

Mr. Sanders: Not guilty.

Mr. Tilton: And Mr. Hochman, how do you plead?

Mr. Hochman: Not guilty.

Mr. Tarrant (Deputy Attorney-General): Now, gentlemen, are either or both of you represented by a lawyer?

Mr. Sanders: No, sir.

Mr. Tarrant: You don't have an attorney. You realize you are entitled to be represented by an attorney?

Mr. Sanders: I realize that and told my attorney that I would come here without him.

Mr. Tarrant: You are willing to go forward without a lawyer, is that right?

Mr. Sanders: Yes, and I feel that any time that it would be necessary for me to have a counsel, would it be possible to have this adjourned until I could come here again with a counsel to protect mine and Mr. Hochman's interest if I feel I am incapable myself?"

The hearing thereupon progressed. Mr. Sanders cross-examined all of the witnesses called by the prosecution, conducted the interrogation of Hochman, and testified in behalf of himself and his partners. He was asked, "And you are representing yourself and Martin, Milton, and Samuel Sanders, who are not here today," and replied, "That is right." The hearing concluded in this manner:

"Mr. Tilton: Are there any more questions, Mr. Sanders?

Mr. Sanders: No.

Mr. Tilton: Any further questions, Mr. Tarrant?

Mr. Tarrant: No, sir.

Mr. Tilton: If there is no more evidence to be introduced at this time, I will declare the hearing closed, and this matter will be taken under advisement, and you, Mr. Hochman, and you, Mr. Sanders, will be duly notified of the final determination."

Mr. Sanders was apparently satisfied with his advocacy of the defense and did not then or thereafter request the assistance of counsel.

Manifestly the appellants were expressly informed of their right to be defended by counsel, and in pursuance of their own choice resolved premeditatively to proceed without one. An obligation imposed upon an administrative agency to demand that every one summoned to a hearing must retain counsel would be an astonishing exaction of questionable propriety.

The right of the appellants to the aid of counsel was not an imperative and indispensable privilege the positive exercise of which by the accused the agency was obliged in the interest of justice affirmatively to require. It is a permissive right, the acceptance of which is dependent upon the voluntary desire of the accused. A *sui juris* and mentally competent accused is at liberty, as here, voluntarily to conduct his own defense and to rely on his own skill and ability without the assistance of counsel. The appellants manifestly chose the latter alternative. They cannot now justly grumble. *Cf. Kokinda v. Carty,* 30 *N. J. Super.* 253, 256 (*App. Div.* 1954). Moreover it seems unnecessary to indicate that these proceedings were civil in nature and not criminal. *Kravis v. Hock,* 137 *N. J. L.* 252, 254 (*Sup. Ct.* 1948); *In re Schneider,* 12 *N. J. Super.* 449 (*App. Div.* 1951).

The reasons advanced by the respondent to induce us to dismiss the present appeal have not escaped our attention, but in the circumstances we have resolved to entertain the appeal and express our answers to the questions projected by the appellants' brief. One remains. Was the Director's determination "justified by the relevant testimony adduced at the hearing, or was the finding against appellants contrary to the weight of the evidence?"

It must be remembered that our appellate function is characteristically remedial of some manifest abuse of the Director's powers. We cannot optionally supersede either the exercise of the supervisory licensing authority entrusted

to him by the Legislature or arbitrarily overturn his *bona fide* discretionary determinations. *New Jersey Bell Telephone Co. v. Communications Workers, etc.,* 5 *N. J.* 354, 378 (1950) ; *Zahn v. Department of Civil Service,* 8 *N. J.* 423, 428 (1952) ; *In re Greenville Bus Co.,* 17 *N. J.* 131 (1954) ; *Bivona v. Hock,* 5 *N. J. Super.* 118 (*App. Div.* 1949) ; *Hickey v. Division of Alcoholic Beverage Control,* 31 *N. J. Super.* 114, 116 (*App. Div.* 1954) ; *Middleton v. Division of the New Jersey Real Estate Commission,* 39 *N. J. Super.* 214 (*App. Div.* 1956) ; *Division of the New Jersey Real Estate Comm., etc., v. Ponsi,* 39 *N. J. Super.* 526, 533 (*App. Div.* 1956).

▆▆ Counsel for the appellants has endeavored rationally to entice us to prefer a conception of the evidence oppugnant to that of the Director. It is too elementary to need the citation of authoritative decisions that a mere difference of opinion concerning the evidential persuasiveness of relevant testimony does not enable us to substitute our judgment for that of the duly constituted administrative agency although the decision was rendered by the latter in the performance of a so-called *quasi*-judicial proceeding. We concern ourselves, for examples, with whether the adjudication offends the State or Federal Constitution, is *ultra vires* of statutory grant, unsupported by adequate competent and relevant evidence, or unreasonable, unjustly discriminatory, arbitrary or capricious. *In re Larsen,* 17 *N. J. Super.* 564, 570 (*App. Div.* 1952).

▆ We have examined the testimony of the witnesses, the exhibits, and the Director's findings of fact. We conclude that there was competent and relevant evidence adduced at the hearing sufficient to supply a reasonable basis for the Director's action in suspending the license for the cause alleged.

The order under review is affirmed.