112 N.J. Super. 436 (1970)
271 A.2d 611
RAYMOND PILON AND JOHN A. CRANER, t/a MUGGSY'S FRIENDLY TAVERN, APPELLANTS,
v.
BOARD OF ALCOHOLIC BEVERAGE CONTROL OF THE CITY OF PATERSON, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1970.
Decided December 8, 1970.
*438 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Ronald J. Nelson argued the cause for appellants (Messrs. Craner & Brennan, attorneys).
*439 Mr. Joseph A. LaCava argued the cause for respondent Board of Alcoholic Beverage Control of Paterson (Mr. Joseph L. Conn, attorney).
Mr. Harry W. Leszchyn, Jr., Deputy Attorney General, argued the cause on behalf of the Division of Alcoholic Beverage Control (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Appellants Raymond Pilon and John A. Craner (the licensees) are the holders of plenary retail consumption license C-224 for premises known as Muggsy's Friendly Tavern located at 839 Main Street, Paterson. On March 17, 1969 they were found guilty by the Alcoholic Beverage Control Board of the City of Paterson (the Board) of five violations and their license was suspended for a total of 75 days. On appeal to the Division of Alcoholic Beverage Control (the Division), the Director affirmed. The present appeal followed.
Appellants raise three points, summarized as follows: (1) the findings below were not supported by substantial evidence and should be set aside; (2) Rule 6 of State Regulation 15 is unconstitutional in that it deprives appellants of due process of law, and (3) since the charges arose out of a single incident, the penalty is excessive and should be reduced to 30 days.
We find the first point to be without merit. There was testimony that at approximately 3:35 A.M. on December 8, 1968 Emil Peri, a Paterson police detective, while on routine patrol observed that the licensees' tavern was still open, notwithstanding the 3 A.M. closing hour. When he entered the premises he found from 20 to 30 people inside, many of them still sitting at the bar drinking. Pilon, one of the owners, was still serving customers at the bar. When he identified himself to Pilon, the latter allegedly became *440 abusive and grabbed, pushed and assaulted him. During the affray one John Seager, a customer, came to Pilon's assistance and grabbed Peri, who thereupon placed them both under arrest. Later Pilon pleaded guilty to creating a disturbance while under the influence of liquor (N.J.S.A. 2A:170-30) and was given a suspended sentence. Peri testified Pilon had later apologized to him, stating "if he wasn't drinking this wouldn't have happened."
Thereafter, disciplinary proceedings were instituted against the licensees charging the following violations: (1) permitting a brawl to take place on the licensed premises in violation of Rule 5 of State Regulation 20; (2) hindering and delaying Peri in the performance of his duty, in violation of Rule 35 of State Regulation 20; (3) selling and serving alcoholic beverages after hours, in violation of the local ordinance; (4) failing to have the licensed premises closed between 3 A.M. and 3:35 A.M., in violation of the local ordinance, and (5) permitting Pilon to work in the licensed premises while actually or apparently intoxicated, in violation of Rule 24 of State Regulation 20. The Board found the licensees guilty and imposed a suspension of 15 days on each charge. On appeal the transcript of the testimony before the Board was received in evidence and additional testimony was adduced before a hearer. His report and recommendations upholding the suspension were adopted by the Director.
The licensees argue that while the test here applicable is whether the factual findings of the administrative tribunal are supported by substantial evidence, Hornauer v. Div. of Alcoholic Beverage Control, 40 N.J. Super. 501, 504 (App. Div. 1956), the evidence does not support the administrative determination because of the alleged incredibility of the testimony of Peri. They also argue that the Director failed to make an independent determination as to Peri's credibility. We find neither contention to be meritorious. The hearer's report, which was adopted by the Director, specifically found Peri's testimony to be forthright *441 and credible, rejected the testimony of appellants' witnesses as contradictory and incredible, and found that the charges had been established by the preponderance of the evidence. The factual findings of the Director were supported by substantial evidence, i.e., a reasonable man upon consideration of the entire record could reasonably have concluded that the violations charged did in fact occur. Hornauer v. Div. of Alcoholic Beverage Control, supra, at 504. See also Atkinson v. Parsekian, 37 N.J. 143, 149 (1962). The choice of accepting or rejecting the testimony of witnesses rests with the administrative agency, and where such choice is reasonably made it is conclusive on appeal. Hornauer, supra, 40 N.J. Super. at 506.
We likewise find no merit to the licensees' contention that the form of the appellate hearing in the Division, and the Division's requirement that an appellant carry the burden of establishing that the Board's action was erroneous, amounted to a denial of due process which compels reversal.
The Director of the Division of Alcoholic Beverage Control is empowered to hear and conduct all appeals and to establish appellate rules and procedures. N.J.S.A. 33:1-38. State Regulation 15 establishes the procedure for appeals. Rule 6 thereof provides that:
All appeals [to the Director] shall be heard de novo except as otherwise provided in Rule 8 hereof * * * but the burden of establishing that the action of the respondent issuing authority was erroneous and should be reversed shall rest with the appellant.
Rule 8 provides, in part:
Where there is available a stenographic transcript of the proceedings before the issuing authority, either party may, if at least three (3) days notice of intention so to do has been given to opposing parties, or counsel therefor, offer the transcript of testimony of any witness or witnesses named in said notice in lieu of producing said witness or witnesses at the hearing of the appeal. In such event, any opposing party may subpoena such witness or witnesses to appear personally and any party may produce any additional evidence, oral or documentary, at the hearing of the appeal.
*442 See Fanwood v. Rocco, 59 N.J. Super. 306, 315-319 (App. Div. 1960), aff'd 33 N.J. 404 (1960) as to the scope of the Director's review.
When the stenographic record of the testimony below was received in evidence by the hearer, counsel for the licensees objected and sought a de novo trial on the ground, inter alia, that they had not received a fair hearing before the Board and had been precluded from putting certain questions to officer Peri. Although the hearer suggested that Peri be produced by the licensees for further examination, stating that, since he was a hostile witness, wide latitude would be afforded the licensees in examining him, counsel for the licensees declined to do so. He did, however, produce four witnesses, three of whom had previously testified before the Board.
The licensees cite no case, and we know of none, which holds that Rule 6 of Regulation 15 requires that all witnesses who testified before the issuing authority be required to give their testimony anew before the Division. Cino v. Driscoll, 130 N.J.L. 535 (Sup. Ct. 1943), was decided before Rules 6 and 8 of Regulation 15 (formerly Rules 6 and 8 of Regulation 14) were promulgated in their present form. Compare Neiden Bar and Grill v. Municipal Bd., etc., Newark, 40 N.J. Super. 24, 28 (App. Div. 1956); Florence Meth. Church v. Tp. Committee, Florence Tp., 38 N.J. Super. 85, 90 (App. Div. 1955); Tp. Committee, Lakewood Tp. v. Brandt, 38 N.J. Super. 462, 467 (App. Div. 1955). Here the licensees were afforded a full hearing at which the burden of proof rested upon the issuing authority. At the subsequent appellate hearing in the Division they were afforded the opportunity of further examining any witness whose testimony appeared in the transcript,[1] and of calling additional witnesses. At the *443 close of the hearing they were furnished with a copy of the hearer's report and their exceptions thereto were considered by the Director in arriving at his decision. The Director's decision was in the form of findings of fact and conclusions of law which were reviewable on appeal. This satisfied the requirements of due process. Cf. N.J. Zinc Co. v. Board of Review, 25 N.J. 235, 239 (1957); In re Masiello, 25 N.J. 590, 600 (1958).
Appellants urge that, notwithstanding the foregoing, the provision of Rule 6 which imposes the burden of proof on one who appeals from the action of a municipal board works a deprivation of due process. We disagree. Due process varies according to specific factual contexts, the type of proceeding involved and the different fields in which adjudicatory powers are exercised. 2 Am. Jur.2d, Administrative Law, § 351, at 164 (1962). The primary responsibility for enforcement of the laws pertaining to retail licensees rests upon the municipality. Benedetti v. Bd. of Com'rs, Trenton, 35 N.J. Super. 30, 33 (App. Div. 1955). In the case of the City of Paterson that responsibility was vested in respondent Board. Because of the great volume of matters coming before the Director and the fact that the local authority is generally well fitted to determine such matters at their initial stages, we are satisfied that the challenged portion of the rule is not so unreasonable as to deny due process. We are told that it was in the rule as originally promulgated by the first Commissioner of Alcoholic Beverage Control, Cino v. Driscoll, supra, 130 N.J.L. at 539-540, and has continued in effect since that time. See Rajah Liquors v. Div. of Alcoholic Bev. Control, 33 N.J. Super. 598, 600 (App. Div. 1955), certif. den. 18 N.J. 204 (1955); Nordco, Inc. v. State, 43 N.J. Super. 277, 282 (App. Div. 1957); Lyons Farms Tavern v. Mun. Bd. of Alc. Bev., Newark, 55 N.J. 292, 303 (1970).
It is urged that the requirement that an appellant carry the burden of proof was unfair in its application to the present appeal in view of the contention of the licensees that the Board below had been biased and prejudiced against *444 them. We find no unfairness. The licensees were afforded the opportunity of demonstrating to the Director, both by testimony and argument, the Board's asserted prejudice. After considering the proofs the Director specifically determined that the asserted bias or prejudice did not exist and that the Board had leaned over backward in permitting cross-examination of officer Peri by the licensees' attorney. He then proceeded to evaluate the testimony and arrived at the conclusion that guilt had been established. There was substantial credible evidence to support his findings. Hornauer, supra, 40 N.J. Super. at 504.
We find no merit to the licensees' final point. There were five separate offenses, i.e., when officer Peri passed the tavern on routine patrol, he found it open after the closing hour fixed by the city ordinance; when he entered the tavern he found Pilon making sales to customers, also a violation of the ordinance; Pilon was acting at bartender while intoxicated, a violation of the ABC regulations; he hindered Peri in the performance of his duty; he permitted  if he did not directly bring about  a fracas involving himself, another customer and Peri. We find no cause to disturb the quantum of the suspension in view of the nature of the offenses and the licensees' prior record. F. & A. Distrib. Co. v. Div. of Alcoholic Bev. Control, 36 N.J. 34 (1961); Butler Oak Tavern v. Div. of Alcoholic Bev. Control, 36 N.J. Super. 512 (App. Div. 1955), aff'd 20 N.J. 373 (1956).
Affirmed.
SULLIVAN, P.J.A.D. (concurring).
I agree we should affirm but, under the circumstances presented, do not see how the validity of Rule 6 is properly in issue. The Director did not base his decision on appellant's failure to establish that the action of respondent issuing authority was erroneous. Rather, he weighed the proofs and made independent findings that the charges had been sustained. I would affirm on the ground that the credible evidence supports these findings.
NOTES
[1] While the record fails to reveal whether the three days' notice of intention to use the transcript, prescribed by Rule 8, was given, the point is not raised by the licensees and it may be considered as having been waived if, in fact, the notice was not given.