**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4881-17T4

NIEL AKSHAR, INC., t/a
REUBEN LIQUORS,

     Petitioner-Respondent,

v.

CITY OF UNION CITY,

     Respondent-Appellant.

_____

     Submitted May 1, 2019 – Decided May 17, 2019

     Before Judges Accurso, Vernoia and Moynihan.

     On appeal from the New Jersey Department of Law and Public Safety, Division of Alcoholic Beverage Control.

     Gregory T. Farmer, attorney for appellant.

     Tomas Espinosa, attorney for respondent Niel Akshar, Inc.

     Gurbir S. Grewal, Attorney General, attorney for respondent Division of Alcoholic Beverage Control (Cameshia T. Caldwell, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

The City of Union City appeals from the Director of the Division of Alcoholic Beverage Control's February 8, 2018 order holding in abeyance for one year the suspension of Niel Akshar, Inc.'s (Akshar) retail liquor license for violating N.J.A.C. 13:2-23.1(a) by selling alcohol to an underage, undercover police officer, and a May 23, 2018 final agency decision denying the City's motion for reconsideration of the February 8, 2018 order. Based on our review of the record, we are convinced the City failed to establish the Director's decision is not founded on sufficient credible evidence or is otherwise arbitrary, capricious or unreasonable, and affirm.

I.

In 2016, the City's Alcoholic Beverage Control Board (Board) issued a notice of charges alleging that on March 27, 2016, Akshar violated N.J.A.C. 13:2-23.1(a), which prohibits the sale of alcoholic beverages "to any person under the legal age to purchase . . . alcoholic beverages," by selling alcoholic beverages to a minor.[1] Mayuri Patel, an Akshar employee, received a summons

---

[1] The notice of charges also alleged Akshar violated City ordinance 58-9C. We do not address the alleged violation of the ordinance because the Director's orders from which the appeal is taken do not find an ordinance violation.

A-4881-17T4

charging a violation of Union City ordinance 58-9C, by selling alcohol to a minor.  Patel pleaded guilty to the charge in the Union City Municipal Court.

Following the Board's hearing on the charges against Akshar, the City adopted a Resolution and Order finding that on March 27, 2016, Akshar violated N.J.A.C. 13:2-23.1(a) by selling alcoholic beverages to a minor.[2]  The City imposed a fifteen-day suspension of Akshar's retail liquor license.

Akshar appealed to the State Division of Alcoholic Beverage Control (ABC), and the matter was referred to the Office of Administrative Law for a hearing before an Administrative Law Judge (ALJ).  The ABC stayed the license suspension pending disposition of Akshar's appeal.

Following the exchange of discovery, the City moved for a summary decision, arguing that no facts were in dispute and the suspension should be upheld as a matter of law.  The ALJ granted the motion in a written decision finding the record established that on March 27, 2016, a twenty-year-old Union City police officer entered Akshar's store in plain clothes and purchased a bottle containing an alcoholic beverage from Patel.  The record further showed Patel asked the officer for identification, he said he did not have identification and Patel asked for the year of his birth.  The officer responded, "1993." Patel said,

---

[2]  The Resolution and Order also found a violation of City ordinance 58-9C.

"Okay, I trust you," and the sale was consummated. The officer asked for a bag for the bottle but Patel did not give him one; instead she instructed that he place the bottle in his jacket. He complied and exited the store.

Patel submitted a certification in opposition to the City's motion admitting the transaction, but explaining that she had seen the officer in his police uniform prior to March 27, 2016, knew he was a police officer and did not expect a police officer to lie about his age. The record further reflected that Patel pleaded guilty to the summons charging her with unlawfully serving alcoholic beverages to a minor, but she filed a motion to retract her guilty plea that had not yet been decided.

The ALJ found Patel's guilty plea was unnecessary to a determination that she sold an alcoholic beverage to a minor because Patel admitted in her certification that she sold the beverage to the officer without obtaining any proof of his age. The ALJ concluded Patel violated N.J.A.C. 13:2-23.1(a) by selling

alcohol to a person "under the legal age [of twenty-one],[3] but over the age of eighteen."[4]

The ALJ further explained that the presumptive penalty for a first violation of N.J.A.C. 13:2-23.1(a) is a fifteen-day license suspension. See N.J.A.C. 13:2-19.11(i). The ALJ noted that the presumptive penalty may be increased or decreased by the finding of aggravating or mitigating factors. See N.J.A.C. 13:2-19.13(a). The ALJ did not find any mitigating factors, cited Akshar's history of prior violations and recommended the fifteen-day suspension imposed by the City.

In a February 8, 2018 Final Conclusion and Order, the Director adopted the ALJ's finding that Akshar violated N.J.A.C. 13:2-23.1(a). The Director, however, ordered the fifteen-day suspension to be held in abeyance for a period of one year and, if Akshar violated the statute within one year, "the [fifteen]-day suspension will be imposed and no monetary compromise in lieu of suspension will be accepted." The Director determined that if Akshar did not violate

---

[3] See N.J.S.A. 9:17B-1(b) (establishing twenty-one as the legal age to purchase alcoholic beverages in New Jersey).

[4] The ALJ did not consider or determine if Akshar violated City ordinance 58-9C because a copy of the ordinance was not provided in support of the City's summary disposition motion. A copy of the ordinance is not included in the record on appeal.

N.J.A.C. 13:2-23.1(a) during the one-year period, the fifteen-day suspension "will dissolve and this matter will be closed."

The Director explained that Akshar argued an affirmative defense of entrapment under N.J.S.A. 2C:2-12 before the ALJ based on the claim that the undercover officer misrepresented his age, but that neither party submitted evidence permitting a determination on the entrapment issue. The Director further noted that Akshar failed to file any exceptions to the ALJ's determination as to the violation and penalty.

The Director explained that "[t]he affirmative defense to selling to a person under the legal age, codified in N.J.S.A. 33:1-77, presupposes either a false representation in writing or the production of government issued identification." The Director noted that a licensee's reliance on a verbal representation of a purchaser's age "is never enough," "proper identification" should always be requested and where there is any doubt about the documents provided, "the licensee should refuse the sale."

The Director further suggested that "to avoid allegations of entrapment," police departments should adopt standard operating procedures governing the use of undercover underage police officers in investigations of liquor law compliance. The Director recommended that such procedures require that

underage undercover officers provide either correct identification or none at all, and only make accurate representations of their age. The Director founded his decision to hold the fifteen-day suspension in abeyance on "the unique circumstances of this case."

The City filed a motion for reconsideration, arguing the Director applied the incorrect standard in his review and modification of the fifteen-day suspension. The City claimed the Director erred by considering the officer's misrepresentation of his age as a mitigating factor in the determination of the penalty.

In a May 23, 2018 order, the Director denied the reconsideration motion. The Director explained that although the imposition of a penalty for violating the State's liquor laws and regulations is within the discretion of the adjudicating authority, see Benedetti v. Bd. of Comm'rs of Trenton, 35 N.J. Super. 30, 35 (App. Div. 1955), the Director retains "ample implied authority to deal fairly with parties when executing his extensive authority over alcoholic beverage licenses," Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 13 (2009).

The Director noted that the sale of alcoholic beverages to underage individuals is strictly forbidden, but expressed concern with law enforcement

officers misrepresenting their ages to licensees during investigations of illegal underage liquor sales. The Director explained that former Attorney General Deborah T. Poritz issued a 1995 "Plan for the Uniform Enforcement of the Alcoholic Beverage Control Laws" (Plan), which included a "Protocol for the Use of Underage Cooperating Witnesses in Investigations of Premises Selling, Serving or Delivering Alcoholic Beverages" (Protocol) prohibiting a cooperating underage witness from misrepresenting his or her age or date of birth while participating in a law enforcement investigation of liquor sales to underage individuals. The Director noted that although the Protocol might not directly govern law enforcement's use of an underage law enforcement officer, it does not "indicate[] that underage police officers can misrepresent their ages to persuade or coax a licensee to complete an illegal sale." The Protocol further states that its guidelines "are intended to control circumstances in which persons under [twenty-one] are utilized by an enforcement agency" to investigate licensees' compliance with the liquor laws.

In addition, the Director found as a matter of fact that Patel recognized the undercover officer as a police officer, his representations concerning his age conveyed "that she would not be subject to jeopardy by completing the sale because the sale would be legal" and she "relied on the police officer's factual

representation to her detriment." The Director explained that citizens "must be able to believe and rely on police officers, even when they are wearing street clothes" and the officer's false statements about his age violated the Protocol's prohibition against law enforcement attempting "by any means to influence or persuade a licensee to make the sale."

The Director reiterated that the responsibility for ensuring liquor sales are not made to individuals who are underage is vested with the licensees, but "they should not be subjected to deceptive practices by law enforcement designed to induce a violation." The Director distinguished this case from others, stating that here "a known police officer misrepresented his age in an effort to influence or persuade . . . Patel into making the sale for which [Akshar] was prosecuted." The Director rejected the City's claim that holding the suspension in abeyance allows Akshar to escape disciplinary action, noting that the penalty will be imposed if Akshar commits another violation within one year and Akshar is exposed to enhanced penalties for a second offense under N.J.A.C. 13:2-19.11(i) for any violations occurring within two years. The City appealed.

## II.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). A reviewing court

will presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities," Lavezzi v. State, 219 N.J. 163, 171 (2014), and recognize, where appropriate, an "agency's 'expertise and superior knowledge of a particular field,'" Circus Liquors, 199 N.J. at 10 (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). Thus, "an appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006). "Where . . . the determination is founded upon sufficient credible evidence seen from the totality of the record and on that record findings have been made and conclusions reached involving agency expertise, the agency decision should be sustained." Gerba v. Bd. of Trs., Pub. Emps.' Ret. Sys., 83 N.J. 174, 189 (1980).

We accord "substantial deference" to the Director's determinations enforcing the State's regulations concerning the sale of alcoholic beverages. Circus Liquors, 199 N.J. at 10. "[T]he 'Director has powers of supervision and control which set him apart from any other formal appellate tribunal.'" Ibid. (quoting Blanck v. Mayor of Magnolia, 38 N.J. 484, 491 (1962)). Because the State's regulation of liquor "is a subject by itself," we cannot indiscriminately apply principles we otherwise apply when we review actions of administrative agencies. Ibid. (quoting Blanck, 38 N.J. at 490).

Measured against these standards, we discern no abuse of discretion in the Director's reasoned decision to hold in abeyance the fifteen-day suspension under the circumstances presented here. The Director's decision is founded on concerns particularly within his expertise: the integrity and validity of the investigative process employed in the circumstances where a known police officer misrepresents his age to entice a licensee to make an unlawful sale of liquor. The Director found the officer's conduct violates the spirit, if not the letter, of the Attorney General's longstanding Protocol, and that Patel's reliance on the known officer's false representations constituted a mitigating factor permitting a reduction, through the conditional abeyance, of the sanction imposed.

11

We defer to the Director's expertise concerning an investigative technique that relies on false statements by known law enforcement officers to entice a licensee to make an unlawful liquor sale, see Circus Liquors, 199 N.J. at 10, and find no basis in the record to conclude the Director's decision is arbitrary, capricious, unreasonable or not supported by the record. Indeed, "governmental action is relevant, together with all other relevant factors, in respect of the measure of punishment to be imposed." Div. of Alcoholic Beverage Control v. Maynards Inc., 192 N.J. 158, 161-62 (2007). The Director is required to determine the reasonableness of the penalty imposed by a municipality, N.J.A.C. 13:2-19.15, and consider aggravating and mitigating factors in his determination of the appropriateness of a penalty, N.J.A.C. 13:2-19.13(a). That is precisely what the Director did here.

We reject the claim the Director did not give due deference to the City's determination as to the appropriate penalty. The City claims the Director is required to affirm its suspension unless he concludes the City's penalty is either not supported by sufficient credible evidence or is otherwise arbitrary, capricious or unreasonable. The City contends the Director incorrectly substituted his judgment for the City's and that once the municipal authority "has made its decision, its exercise of discretion should be accepted [by the Director]

12

on review so long as that exercise is reasonable." Great Atl. & Pac. Tea Co. v. Mayor of Point Pleasant Beach, 220 N.J. Super. 119, 128 (App. Div. 1987).

The record does not support the City's contention. The Director considered the City's penalty and "conclude[d] that [it] abused its discretion in imposing the [fifteen]-day suspension," explaining that the City failed to consider the known police officer's false statements concerning his age and Patel's reliance on those false statements as mitigating factors pertinent to the appropriate penalty. Again, we find the Director's conclusion supported by the evidence. The City also fails to demonstrate that the Director's findings or conclusion are arbitrary, capricious or unreasonable or otherwise constitute an abuse of discretion. See In re Arenas, 385 N.J. Super. at 443-44. Moreover, the City fails to demonstrate that the Director's penalty "is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness." Maynards Inc., 192 N.J. at 184 (quoting In re License Issued to Zahl, 186 N.J. 341, 354 (2006)).

We also reject the City's contention that the undercover officer's false statements about his age cannot constitute a mitigating factor permitting a reduction in the penalty. The argument is based on the following assertions: (1) entrapment is not a defense to a license disciplinary proceeding; (2) the facts

13

here do not prove statutory entrapment; (3) the facts here do not prove the constitutional due process defense of entrapment; and (4) an undercover underage police officer's misrepresentation of his age does not violate the law.

Again, the City ignores the record. The Director did not find the undercover officer's false statements constituted entrapment. To the contrary, the Director found there was insufficient evidence presented to support the claimed entrapment defense. Thus, while the Director expressed concern regarding a potential entrapment defense if known law enforcement officers employed false statements to entice licensees to violate the liquor laws, his findings and conclusion are not in any manner dependent on a purported determination concerning a putative defense of entrapment.

We last address Akshar's arguments that the Director's finding it violated N.J.A.C. 13:2-23.1(a) should be reversed because it was entrapped by the undercover officer's conduct. Akshar did not appeal from the Director's orders, has not filed a cross-appeal and its contentions are not merely "alternative arguments for affirmance" which may be presented without filing a cross-appeal. Kimball Int'l, Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 604 n.1 (App. Div. 2000). We therefore do not consider, and reject, Akshar's

A-4881-17T4

assertion we should reverse the Director's finding Akshar violated N.J.A.C. 13:2-23.1(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4881-17T4